CASE 31.—ACTION BY WILLARD NICHOLS AGAINST THE CHESAPEAKE & OHIO RY. CO. AND ANOTHER FOR DAMAGES FOR PERSONAL INJURIES.—November 22.

# Nicholas v. Chesapeake & Ohio Ry. Co.

Appeal from Greenup Circuit Court.

James P. HARBESON, Circuit Judge.

Judgment sustaining defendants motion to remove case to federal court, plaintiff appeals—Affirmed.

1.  Removal of Causes—Causes Removable—Original Jurisdiction.—Under the removal acts (Supp. Rev. Stats., U. S., p. 611 [U. S. Comp. St., 1901, p. 503]), providing that the circuit courts of the United States shall have original concurrent jurisdiction with the courts of the several States of all suits of a civil nature, where the matter in dispute arises under the Constitution or laws of the United States, of which the circuit courts of the United States are given original jurisdiction, etc., the right to remove exists when the federal courts are given original concurrent, though not exclusive, jurisdiction of the subject of the action.

2.  Same—Safety Appliance Act.—Where, after pleas of assumed risk and contributory negligence in an action for injuries to a brakeman while uncoupling cars, plaintiff amended his petition so as to allege a violation of the federal safety appliance act (Act of Congress, March 2, 1893, ch. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174] as amended by Act of March 2, 1903, ch. 976, 32 Stat. 943 [U. S. Comp. St. Supp. 1907, p. 885]), prohibiting interstate carriers from using cars not equipped with automatic couplers, and providing that a servant injured while using cars not so equipped should not be held to have assumed the risk, the cause thereupon became one arising under the laws of the United States, and was removable to the federal court, though the petition, before amendment, stated a cause of action independent of such statute.

Nichols v. Chesapeake & Ohio Ry. Co.

ALLAN D. COLE, Attorney for appellant.

J. M. COLLINS and A. B. COLE of counsel.

## POINTS AND AUTHORITIES.

Greenup Circuit Court Has Jurisdiction of the Cause.—In the first place, the Greenup circuit court has jurisdiction because having entered a final order refusing to transfer the cause it had no power at a subsequent term of court in effect to set aside that order and surrender jurisdiction.

In the second place, the Greenup circuit court has jurisdiction because if the first petition for removal be treated as a nullity, then the second petition for removal herein was not filed in time and as required by the Act of Congress in such cases made and provided.

In the third place, if the amendment be treated as standing alone, then the case was improperly transferred; because as no summons had ever been issued thereon, there was no action pending within the meaning of section 39, Civil Code, to transfer.

In the fourth place, the Greenup circuit court has jurisdiction because the setting forth of a third concurring act of negligence in an amendment to the petition does not make the one cause of action a separable controversy, since by reason of the other two acts of negligence it had already been held by the Greenup circuit court to be joint; in other words, even if the third act of negligence, standing alone, could be construed as constituting a separable controversy, yet the mere statement of it in an amendment to a petition containing the other two acts, can not destroy the pre-existent joint cause of action. (I. C. R. R. Co. v. Jones' Admr., 80 S. W., 485; Pugh v. C. & O. Ry. Co., 101 Ky., 80; Davenport v. Southern Ry. Co., 135 Fed. Rep., 962; Southern Ry. Co. v. Carson, 194 U. S., 136; Chicago Ry. Co. v. Martin, 178 U. S., 245; Railway Co. v. Dixon, 179 U. S., 92; Helms v. N. P. R. Co., 120 Fed., 389; Daugherty v. Yazoo R. Co., 122 Fed., 205; Daugherty v. Atchison, 126 Fed., 239.)

W. H. WADSWORTH, Attorney for appellees.

WORTHINGTON & COCHRAN of counsel.

## CLASSIFICATION OF POINTS AND AUTHORITIES.

1. If this case was removable when the first petition for removal

was filed, then it was properly removed, and that is an end of it so far as the State court is concerned.

2. If it was not removable, then when the amended petition was filed it became removable for the first time, and then could be removed (Ayres v. Watson, 113 U. S., 594; Powers v. R. R. Co., 169 U. S., 99.)

3. When a Federal statute is involved, even as an ingredient of the original cause, the case is a removable one. (Dowell v. Applegate, 152 U. S., 327; R. R. Co. v. Mississippi, 102 U. S., 141; Starin v. New York, 115 U. S., 248; So. Pac. R. Co. v. California, 118 U. S., 109.)

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

The appellant, Willard Nichols, instituted this action in the Greenup circuit court against the Chesapeake & Ohio Railway Company and Phillip Cook to recover damages of them for an accident by which he was thrown under one of the cars of the railroad company and received injuries by which he lost one of his legs; all of which he alleges was caused by the gross negligence of the railroad corporation and Phillip Cook, who was the engineer in charge of the train under, which he fell. We will not set forth the allegations of the petition with more particularity, it being sufficient for our purposes to say that it states a cause of action for damages for the injuries alleged to have been received. The answer of the appellees placed in issue the material allegations of the petition by the first paragraph. In the second it is pleaded as follows: "The defendants, further answering state that at the time of the injuries and a long time before the plaintiff, Willard Nichols, had been in the employment of the Chesapeake & Ohio Railway Company as switchman; that the apparatus used by him

on the occasion of his injury was such as he was entirely familiar with, and that the mode used by him in uncoupling the car on the occasion stated was one with which he was also familiar; that the defects in the apparatus, if any, and the danger from accident and injury, were open and obvious, and known to the plaintiff before and at the time of his injury.   Defendants state that as and for a part of the term of his employment plaintiff assumed the risks of injury from such defects and dangers.   Wherefore," etc. The third paragraph pleaded contributory negligence on the part of the plaintiff.   The issues were made up on these pleas by reply.

Afterwards, by permission of the court, appellant amended his petition, among other things, as follows: "He further states: That on March 2, 1893, the Congress of the United States passed a law entitled 'An act to promote the safety of employes and travelers upon railroads by compelling common carriers engaged in interstate commerce to equip their cars with automatic couplers and continuous brakes and their locomotives with driving wheel brakes, and for other purposes.' That the second section of said act is as follows: "That on or after the first day of January, 1899, it shall be unlawful for any such common carrier to haul or permit to be hauled or used on its line any car used in moving interstate traffic not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars.' That the eighth section of said act is as follows: 'That any employe of such common carrier who may be injured by any locomotive car or train in use contrary to the provision of this act shall not be deemed thereby to have assumed the risk

thereby occasioned, although continuing in the employment of such carrier after the unlawful use of such locomotive car or train had been brought to his knowledge.' On March 2, 1903, the said Congress passed an act in amendment of said act of 1893, which took effect September 1, 1903, and which provided, among other things, that the purpose and requirement of the former act shall apply in all cases, whether or not the couplers brought together are of the same kind, make, or type, and shall be held to apply to all trains, locomotives, tenders, cars and similar vehicles used on any railroad engaged in interstate commerce. Defendant was at all times herein mentioned a common carrier of passengers and freight for hire carrying on interstate traffic in and through the states of Virginia, West Virginia, and Kentucky. It was defendant's duty to furnish plaintiff with suitable cars, machinery, and appliances upon and by means of which such employe might safely discharge his duties by use of ordinary care and prudence. He states that the coupling device upon the car from which he lifted the pin and the car to which the lever was attached were not effectually interchangeable. Both of said cars were regularly used by defendant and its agents and servants in moving interstate commerce, and at the time and place of said injury to plaintiff the same had stopped temporarily in making their trips between two points in different states. On the date of said injury defendant and its agents and servants, including the defendant Phillip Cook, disregarding their duty, negligently and carelessly placed in the train on which plaintiff was engaged to perform services as such brakeman said cars having insecure, unsafe, and defective coupling devices, in this: that

the couplers on each of said cars would not either couple or uncouple with each other automatically by impact, so as to render it unnecessary for plaintiff to go between said cars to couple and uncouple, contrary to the common law and to the statute of the United States Congress in such cases made and provided, all of which facts were known, or by the use of ordinary care and prudence might have been known, to defendant and its agents and servants in time to have prevented said injury, and were then unknown to plaintiff. In order to uncouple said cars as aforesaid, it was necessary for him to go between said cars to discharge his duty, and in so doing he was by virtue of said act of Congress relieved of any assumption of risk connected with the discharge of said duty. Plaintiff states that by reason of the gross negligence and carelessness of defendant and its agents and servants in failing to comply with said act of Congress, whereby he was compelled to and did go in between said cars to discharge his duty in and about the uncoupling of said cars, he was precipitated violently to and upon the track of said railroad, one of defendant's cars passing over his right leg, then and there breaking, crushing, and mangling it to such an extent as to render its amputation necessary to save his life, which was done. Plaintiff has suffered and still suffers great pain and is permanently disabled by reason of said injury."

Afterwards, within the time allowed by law, the appellee Chesapeake & Ohio Railway Company filed a petition for the removal of the case to the United States Circuit Court and executed the bond as required by law. The question of removal having been submitted to the court, the bond was approved and the case removed to the Circuit Court of the United

States; and this judgment the appellant, Nichols, seeks to reverse on this appeal. It will be seen that by the amended petition the plaintiff pleaded a federal statute and certain facts in regard to his injury, which, if true, would relieve him of the assumption of risk which, at common law, he would otherwise have been required to take. His cause of action, therefore, rests, in part, at least, upon the construction of a statute of the United States. The question, then, arises: Was the court authorized, under this condition of affairs, to transfer the case from the State to the federal court on the ground that the suit arose under a law of the United States?

By the act of Congress relating to the jurisdiction of Circuit Courts and the removal of causes. passed August 13, 1888 (Supp. Rev. St. p. 611 [U. S. Comp. St. 1901, p. 503]), it is provided that Circuit Courts of the United States "shall have original cognizance, concurrent with the courts of the several states, of all such suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the Constitution or laws of the United States. * * *" By section 2 of the act in question it is provided that "any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the Circuit Courts of the United States are given original jurisdiction by the preceding section, which may be now pending or which may hereafter be brought in any state court, may be removed by the defendant or defendants therein to the Circuit Courts of the United States for the proper district." It will thus be seen that, wherever

the Circuit Courts of the United States have original jurisdiction of the subject-matter of the controversy, the defendants may remove the same from the state to the federal courts; the right to remove being made to turn upon the question of original jurisdiction. It will also be observed that the original jurisdiction in the federal courts is not required to be exclusive, but concurrent; and where the jurisdiction is original, although concurrent, the right of removal exists. The first question for adjudication, then, is whether this case was one which might have been instituted originally in the United States Circuit Court. If so then it could be removed; if not the petition for removal should have been overruled.

It is insisted for the appellant that his cause of action, as alleged, does not rest alone upon the federal statute but that his petition states, independently of the statute, a good cause of action for damages, and this is true; but the deduction which he seeks to draw from this condition of the pleadings is not sound. The very question we have here arose in the case of Osborn v. Bank of United States, 9 Wheat. (U. S.) 738, 6 L. Ed. 204, wherein it was contended, among other things, that Congress could not confer original jurisdiction on the Circuit Courts of the Union to try the question of law arising upon the charter of the bank, which was an act of Congress; it being urged that such cases must first be tried out in the state courts, and taken to the federal court on appeal. This position was held unsound, and concerning it Chief Justice Marshall said: "We perceive, then, no ground on which the proposition can be maintained that Congress is incapable of giving the Circuit Courts original jurisdiction in any case to which the appellate jurisdiction extends. We ask, then, if

it can be sufficient to exclude this jurisdiction that the case involves questions depending on general principles? A cause may depend upon several questions of fact and law. Some of these may depend on the construction of a law of the United States; others on principles unconnected with that law. If it be a sufficient foundation for jurisdiction that the title or right set up by the party may be defeated by one construction of the Constitution or law of the United States, and sustained by the opposite construction, provided the facts necessary to support the action be made out, then all the other questions must be decided as incidental to this, which gives that jurisdiction. Those other questions cannot arrest the proceedings. Under this construction, the judicial power of the Union extends effectively and beneficially to that most important class of cases which depend on the character of the cause. On the opposite construction, the judicial power never can be extended to a whole case, as expressed by the Constitution, but to those parts of cases only which present the particular question involving the construction of the Constitution or the law. We say it never can be extended to the whole case, because, if the circumstance that other points are involved in it shall disable Congress from authorizing the courts of the Union to take jurisdiction of the original cause, it equally disables Congress from authorizing those courts to take jurisdiction of the whole cause on an appeal, and thus will be restricted to a single question in that cause; and words obviously intended to secure to those who claim rights under the Constitution, laws, or treaties of the United States a trial in the federal courts will be restricted to the insecure remedy of an appeal upon an isolated point, after it

has received that shape which may be given to it by another tribunal into which he is forced against his will. We think, then, that, when a question to which the judicial power of the Union is extended by the Constitution forms an ingredient of the original cause, it is in the power of Congress to give the Circuit Courts jurisdiction of that cause, although other questions of fact or of law may be involved in it.''

The foregoing case did not involve the question of the right of removal—only the question of the right in Congress to confer original jurisdiction on the Circuit Courts of the United States; and it was there settled, once for all, that wherever a question did or might turn upon the construction of a statute of the United States, it was a case arising under the laws of the United States within the meaning of the federal Constitution, which provides that ''the judicial power shall extend to all cases in law and equity, arising under this Constitution, the laws of the United States. * * *'' Section 2, art. 3. In the case of Starin v. New York, 115 U. S. 248, 6 Sup Ct. 28, 29 L. Ed. 388, it is said: ''The character of a case is determined by the questions involved. Osborn v. Bank of United States, 9 Wheat. (U. S.) 738, 824, 6 L. Ed. 204. If from the questions it appears that some title, right, privilege, or immunity, on which the recovery depends, will be defeated by one construction of the Constitution or a law of the United States, or sustained by the opposite construction, the case will be one arising under the Constitution or laws of the United States, within the meaning of that term as used in the act of 1875; otherwise not. Such is the effect of the decisions on this subject. Cohens v. Virginia, 6 Wheat. (U. S.) 264, 379, 5 L. Ed. 257;

Osborn v. Bank of United States, 9 Wheat. (U. S.) 738, 824, 6 L. Ed. 204; Mayor v. Cooper, 6 Wall. (U. S.) 247, 252, 18 L. Ed. 851; Gold Washing & Water Co. v. Keyes, 96 U. S. 199, 201, 24 L. Ed. 656; Tennesee v. Davis, 100 U. S. 257, 264, 25 L. Ed. 648; Railroad Co. v. Mississippi, 102 U. S. 135, 140, 26 L. Ed. 96; Ames v. Kansas, 111 U. S. 449, 462, 4 Sup. Ct. 437, 28 L. Ed. 482; Kansas Pacific v. Atchison Railroad, 112 U. S. 414, 416, 5 Sup. Ct. 208, 28 L. Ed. 794; Provident Savings Co. v. Ford, 114 U. S. 635, 641, 5 Sup. Ct. 1104, 29 L. Ed. 261; Pacific Railroad Removal Cases, 115 U. S. 1, 11, 5 Sup. Ct. 1113, 29 L. Ed. 319.''

The case of Schlemmer v. Buffalo, Rochester, etc., Ry., 205 U. S. 1, 27 Sup. Ct. 407, 51 L. Ed. 681, involved a question similar in principle to that we have here. There Schlemmer, who was an employe of the railroad, had been killed by being crushed between the cars while undertaking to couple them. The railroad was engaged in interstate traffic, and, it was pleaded, had failed to use the automatic coupler required by the statute set up in the amended petition in this case. Upon the trial the state circuit court gave a peremptory instruction in favor of the railroad on the facts, holding that the defendant had been guilty of contributory negligence. Upon appeal to the Supreme Court of Pennsylvania that judgment was affirmed. The plaintiff, then, by writ of error, carried the case to the Supreme Court of the United States, claiming that a federal question was involved, in this: That it was alleged in the petition, and also shown by the evidence, that the railroad company was engaged in interstate traffic; that it had failed to use the automatic coupler required by the federal statute, and, therefore, the employe did not assume

the risk of his employment, and the state court had erred in awarding a peremptory instruction; that the peremptory instruction was a disregard of the federal statute, or, at least, was a ruling that it did not apply to the case in hand.  The question as presented involved a nice distinction between assumed risk and contributory negligence; it being insisted on one side that the state court had properly held that the plaintiff was shown to have been guilty of contributory negligence, and, this being true, his case failed, without reference to the application of the federal statute which relieved him from the common-law assumption of risk if the railroad failed to use the automatic coupler required.  We need not go into this discussion with any minuteness, because it is sufficient for our purposes to say that a majority of the court held that the pleadings and evidence showed that a federal question was presented, and that the state court either misconstrued the federal statute, or ignored it, and the case was, therefore, reversed. The usefulness of this case here is that, although questions of general law were presented, in which the federal statute was not necessarily involved, inasmuch as the plaintiff had a right which turned upon a proper construction of the federal statute, therefore a federal question arose, and the case could be taken by a writ of error to the Supreme Court of the United States.  No motion to remove was made in the case; but it establishes the principle that the case might have been removed, because it was a case which arose under a law of the United States.

Under the light of the foregoing authorities it is impossible to avoid the conclusion that the defendant was entitled to remove the case to the federal court

Nichols v. Chesapeake & Ohio Ry. Co.

after the filing of the amended petition pleading the federal statute. It may be that plaintiff could have made out a case of actionable negligence against the defendants under common law principles; but if it had appeared that, under the evidence adduced, the plaintiff, under common-law principles, assumed the risk of the accident by which he was hurt, then his right to recover, if he had such right, would rest upon the operation of the federal statute, which relieved him from the assumption of the risk in question. So that the case seems to fall necessarily in the category of cases which arise under a law of the United States, and, this being true, was removable by defendants under the federal statute regulating the jurisdiction of the United States Circuit Courts and the removal of actions from the state to the federal courts.

For these reasons, the judgment of the trial court, removing the case, is affirmed.