MARY REYNOLDS, Respondent, v. METROPOLI-
TAN STREET RAILWAY COMPANY and
KANSAS CITY, Appellants.

Kansas City Court of Appeals, May 18, 1914.

1. **NEGLIGENCE: Street Railways: Holes in Street: Alighting
from Street Cars.** Plaintiff instituted this suit against the
city and railway company as joint defendants for the injuries
she received by falling into a hole in the street, after alighting
from defendant's street car. As she was in the act of alighting
from the car, it gave a sudden jerk whereby she was thrown
to the pavement, landing on her feet, but her ankle turned and
she fell into a hole and was injured. *Held,* that the verdict
less the amount remitted was not excessive.

2. ———: ———: ———. Where an injury proceeds from the con-
curring negligence of two different persons under such circum-
stances that the negligence of either is to be deemed an efficient
cause of the injury, the person injured has an action for dam-
ages against either or against both.

3. ———: ———: **Joint Tort-Feasors.** Where two or more de-
fendants are spoken of in the petition as joint tort-feasors, the
only thought conveyed is that their several negligent acts co-
operated to produce a single result. The presence of the ele-
ment of conspiracy, understanding, or mutual purpose among
tort-feasors would denote an entirely different kind of tort

4. **REMARKS OF COUNSEL: Argument to Jury.** Where no ob-
jections are made to improper remarks, made by counsel in his
argument to a jury, at the time they were made, an objection
to them, raised for the first time in a motion for new trial,
must be treated as waived.

5. **INSTRUCTIONS: Inflammation of Bladder.** Where a petition
alleges that the injury caused the plaintiff "to suffer inflamma-
tion of the bladder," and evidence of urinary disorders was
properly admitted to support this charge, it would be error to
give an instruction predicated on the hypothesis of a total
failure of the evidence to connect the inflammation of the blad-
der with the pleaded negligence.

Appeal from Jackson Circuit Court.—*Hon. Walter A.
Powell,* Judge.

AFFIRMED.

*John H. Lucas, L. T. Dryden, A. F. Evans, J. W. Garner* and *H. A. Ault* for appellants.

(1) No joint action could be maintained against both appellants as joint tort-feasors. Martinowsky v. Hannibal, 35 Mo. App. 70; Stanley v. Union Depot Company, 114 Mo. 606. (2) There was no substantial evidence to sustain the negligence charged against this appellant; in fact, there was no evidence upon which to submit the case to the jury. Spiro v. Transit Co., 102 Mo. App. 250; Gunley v. Railroad, 104 Mo. 211; Lionberger v. Pohlman, 16 Mo. App. 392; Powell v. Railroad, 76 Mo. 84; Mauerman v. Railroad, 41 Mo. App. 348; Garrett v. Grenwell, 92 Mo. 120; Henderson v. Railroad, 36 Mo. App. 109; Empey v. Cable Co., 45 Mo. App. 422; Price v. Evans, 49 Mo. App. 396; Lehnick v. Railroad, 118 Mo. App. 616; Spohn v. Railroad, 87 Mo. 74. (2) The court erred in refusing to give the peremptory instruction asked by defendant Kansas City at the close of plaintiff's case and again at the close of the entire case. Young v. Railroad, 113 Mo. App. 636; Hodges v. Railroad, 135 Mo. App. 683; Smart v. Kansas City, 91 Mo. App. 586; McGrath v. Transit Co., 197 Mo. 97; Goransson v. Mfg. Co., 186 Mo. 300; Warner v. Railroad, 178 Mo. 125; Plefka v. Knapp, Stout et al., 145 Mo. 316; Reedy v. Brewing Co. and St. Louis, 161 Mo. 523.

*Kimbrell & White* for respondent.

(1) The weight of the evidence was for the jury. Gannon v. Gas Co., 145 Mo. 502; Railey v. Railroad, 133 Mo. App. 473. (2) Whether or not the ills she endured resulted from the accident at Tenth and Troost was for the jury. McDonald v. Railroad, 219 Mo. 468; Sharp v. Railroad, 213 Mo. 531; Walsh v. Railway, 102 Mo. 982; Johnson v. Casualty Co., 122 Mo. App. 369; Herke v. Railroad, 141 Mo.

App. 617. (3) This is a case of concurrent wrong doing, resulting in injury. A party is liable for a negligent act if his want of care directly contributes to the injury caused by said act. The defendants were rightly joined. Section 1734, R. S. 1909; Newcomb v. Railroad, 169 Mo. 409; Brash v. St. Louis, 161 Mo. 437; Wethers v. Railroad, 111 Mo. 315.

JOHNSON, J.—Plaintiff sued the Metropolitan Street Railway Company and Kansas City to recover damages for personal injuries she alleges were caused by negligence of both defendants. Separate answers were filed traversing the petition and alleging the defense of contributory negligence. The jury returned a verdict of $5500 against both defendants but on the hearing of the motion for a new trial a remittitur of $2000 was entered and judgment was rendered for plaintiff for $3500. Both defendants appealed. The petition alleges ''that at a point on Troost avenue, a short distance south of the south line of Tenth street, and at a point within the line of travel on Troost avenue, and near to the regular and usual stopping place for northbound cars on Troost avenue before crossing Tenth street, there was on the 18th day of November, 1910, and for a long time prior thereto had been an excavation, depression or hole in the street pavement, which hole was five or six inches deep and from two to three feet across, which rendered said street at said point unsafe and dangerous to persons traveling along and on said street, and especially dangerous to persons alighting from the rear end of a northbound Troost avenue street car, said hole or excavation being at a place where the rear vestibule and steps of a north bound car would usually or naturally stop to discharge and take on passengers; that defendant, Kansas City, knew or by the exercise of reasonable care might have known of the unsafe and dangerous condition of said street at said point a sufficient length

of time before the injury to plaintiff hereinafter set forth, to, by the exercise of reasonable diligence and care, have repaired said street and placed the same in a condition reasonably safe for travel thereon, but carelessly and negligently failed so to do, and carelessly and negligently permitted said street to be and remain in said unsafe condition for travel thereon.

"That on the 18th day of November, 1910, plaintiff was a passenger on a northbound car of defendant on its Troost avenue line, and had paid the usual fare of five cents to defendant, Metropolitan Street Railway Company, and was a passenger for hire on said car; that when said car reached a point immediately south of Tenth street, at the intersection of Tenth street and Troost avenue, the agents and servants of the Metropolitan Street Railway Company, in charge of its car, stopped said car for the purpose of permitting passengers so desiring, to alight therefrom; that the defendant, Metropolitan Street Railway Company, carelessly and negligently stopped its car so that the car step thereof was so close to the hole mentioned heretofore, that one alighting from the rear step of said car would naturally step into said hole, and that plaintiff did not know said hole was in the street until she was thrown from the car as aforesaid; that plaintiff desiring to alight at said point at said time, proceeded with due care to the steps leading from said car, and was in the act of stepping from the car to the ground, when the agents and servants of the defendant, Metropolitan Street Railway Company, in charge of said car, suddenly and swiftly started the car forward, and plaintiff was thereby thrown with great force and violence to and upon the hard pavement of the street, and into the excavation or hole hereinbefore described."

Plaintiff, a young, unmarried woman, became a passenger on a northbound Troost avenue car operated by defendant Railway Company and was in the act of alighting at Tenth street when the car, which

had stopped to receive and discharge passengers suddenly started forward as she was stepping to the pavement and was holding with her left hand to a handhold at the rear end of the car. The sudden forward movement, which was brief and not very violent, threw her to the pavement. She alighted on her feet but her ankle turned and she fell in a hole in the pavement and received the injuries for which she claims damages. The hole is described in the evidence as being three feet long, two feet wide, four inches deep, as being "rather jagged" and as having been caused by the wearing away of the asphalt surface of the pavement. It had been there a long time and was near the rear steps of cars stopped at the regular stopping place for taking on and discharging passengers. Plaintiff knew of the existence of the hole and states she would not have stepped and fallen into it but for the forward jerk of the car. She testified on direct examination:

"I was stepping down and was going to step onto the street and he (the conductor) rang the bell and the car started and threw me, and there was quite a large hole in the street and the car, as a usual thing, stops to the south of this hole so a passenger could alight without walking or stepping into it; it did this evening, but when the car started up then it threw me into the hole, the car started up and threw me into the hole in the street. Q. How did you fall? A. I lit on my feet and my ankle turned. Q. Which ankle? A. My left ankle. Q. Now with reference to the hole where did you light? A. Right into the hole."

On cross-examination by counsel for the Railway Company: "My ankle turned, when I was thrown from the car. I lit on my feet and my ankle turned and I was thrown into the hole and my hip went on to the outer edge of the hole. Q. Where were you with reference to this hole when your ankle turned, were you in the hole or by the side of it? A. I was right in the hole. . . . Q. And how soon was it after your

ankle turned before you say you fell over onto your right hip? A. Right away.''

Our understanding of all the evidence of plaintiff is that it attributes her injury to two causes, i. e. first, the sudden forward movement of the car which caused her to alight violently and, second, the turning of her ankle caused by alighting violently upon her feet on the uneven bottom of a jagged and irregular hole in the asphalt pavement. The conductor of the car, introduced by the Railway Company, testified that the car did not start while plaintiff was leaving and that she alighted on the pavement in safety and voluntarily took one step forward into the hole.

Defendants offered separate demurrers to the evidence and each contends that its demurrer should have been given. Counsel for the Railway Company argue, first, that the action cannot be maintained because it is bottomed on the theory of an injury resulting from a joint wrong, while the pleaded and proved facts, considered in their aspect most favorable to plaintiff, conclusively negative the existence of a wrong of that character.

We think this is a misconception of the true nature of the action. The petition charges, in substance, that negligence of the railway company in stopping the car near the hole and in suddenly starting it while plaintiff was alighting co-operated with negligence of the city in allowing the hole to remain in the street to produce a single result, i. e., the injury of plaintiff. Where an injury proceeds from the concurring negligence of two different persons under such circumstances that the negligence of either is to be deemed an efficient cause of the injury, the person injured has an action for damages against either or against both. [Newcomb v. Railway, 169 Mo. 409; Brash v. St. Louis, 161 Mo. 433; Weathers v. Railroad, 111 Mo. App. 315; Miller v. United Railways Co., 155 Mo. App. 528.]

In negligence cases where two or more defendants are spoken of in the petition as joint tort feasors, the only thought conveyed is that their several negligent acts cooperated to produce a single result. The presence of the element of conspiracy, understanding, or mutual purpose among tort feasors would be repugnant to the very existence of negligence and would denote an entirely different kind of tort. As we observed in McFadden v. Lott et al., 161 Mo. App. l. c. 657, and as the Supreme Court observed in Hutchinson v. Gate Co., 247 Mo. l. c. 111, the doers of cooperating negligent acts necessarily must act independently of each other so far as purpose or intention is concerned and the allegation that they were jointly negligent should be interpreted as meaning nothing more than that their several acts conjoined to produce the injury.

The facts pleaded in the petition which the evidence of plaintiff tends to establish disclose that the injury would not have occurred without the concurrence and cooperation of the two acts of negligence. If the pavement had not been defective, the force communicated to the body of plaintiff by the negligent starting of the car, in all likelihood, would not have caused her to fall and she would not have stepped into the hole and turned her ankle had she not been propelled into it by that force. Clearly this is a case of concurrent wrongdoing for which the wrongdoers are jointly and severally liable to respond in damages.

There is no merit in the argument of the Railway Company that its demurrer to the evidence should have been given on the ground that the proof shows beyond question that the car did not start forward while plaintiff was alighting, but that she voluntarily stepped into the hole after leaving the car in safety. Such is the version of the injury given by witnesses introduced by defendants but this evidence is met by the testimony of plaintiff, which is reasonable and substantial. We find no inherent weakness in plaintiff's account of her in-

jury. It comports with the conceded physical facts and being substantial could not be destroyed in law by the mere contradiction of a greater number of witnesses.

' The demurrer of the Railway Company was properly overruled.

We have already sufficiently answered the point raised by counsel for the city that "there is no substantial evidence that the alleged negligence on the part of defendant Kansas City caused or contributed to cause plaintiff's alleged injuries" and we think there is no merit in the further contention that the petition will not support the judgment since it fails to charge in direct terms that the alleged negligence of the city was the sole cause, or at least a contributing cause, of the injury. In answering to the merits, defendant city waived all merely formal defects and construed liberally the petition is found to contain all of the essential ingredients of a good cause of action, among them, the one in question. The court did not err in overruling the demurrer to the evidence offered by Kansas City.

Complaint is made of remarks of counsel for plaintiff in their argument to the jury. No objections were made at the time the alleged improper remarks were made and the objection raised for the first time in the motion for a new trial must be treated as waived. [Doyle v. Trust Co., 140 Mo. 1.]

We find no error in the refusal of the court to give instruction numbered Eight asked by the Railway Company and those numbered Eight and Nine asked by the city. The petition alleged the injury caused plaintiff "to suffer inflammation of the bladder" and the evidence of urinary disorders was properly admitted since it tended to support this charge. This evidence being substantial the court would have erred had it given the instructions which were predicated on the

180 App. 10

hypothesis of a total failure of the evidence to connect the inflammation of the bladder with the pleaded negligence.

The verdict less the amount remitted cannot be said to be excessive and, finding no prejudicial error in the record, the judgment will be affirmed. It is so ordered. All concur.