# JEROME B. FLEMING v. LOUISIANA & MIS-SOURI RIVER RAILROAD COMPANY and CHICAGO & ALTON RAILROAD COMPANY, Appellants.

**Division One, December 31, 1914.**

1. **OBLIGATION OF CONTRACTS: Amending Railroad Charter: Lease of Railroad to Corporation of Another State.** The' defendant railroad company was chartered in 1859 by an act of the Legislature which expressly excepted the corporation from the operation of the then existing statute reserving the right to alter and amend corporate charters. The Constitution of 1865 provided (Sec. 4, Art. 8) that all acts affecting corporate rights and powers passed pursuant to that section might be altered or amended. The power to lease its road having been for the first time given to the defendant company by an act which took effect March 20, 1870, a general act effective four days thereafter provided that a railroad company leasing its road to a corporation of another State should remain liable as if it operated the road itself. *Held*, that the power to lease, having been first given in 1870, was, by force of the Constitution of 1865, subject to amendment by the later act fixing the lessor's liability.

2. **NEGLIGENCE: Liability of Railroads: Lessor and Lessee.** A Missouri railroad corporation, liable by virtue of Sec. 3078, R. S. 1909, for the negligence of its lessee, a corporation of another State, is properly joined as defendant with the lessee in an action for personal injuries resulting from such lessee's negligence.

3. ————: ————: ————: **Removal of Causes.** Where a Missouri railroad corporation, liable by virtue of Sec. 3078, R. S. 1909, for the negligence of its lessee, an Illinois corporation, is joined as defendant with the lessee in an action for personal injuries sustained through such lessee's negligence, the State court has jurisdiction, and the cause is not removable to the Federal court.

4. ————: **Pleading: Specific Negligence: Humanitarian Doctrine: Evidence.** While it is true that when specific negligence alone is pleaded recovery must .be had thereon or not at all, it is also true that a charge of negligent management. of a train is sufficient to let in the humanitarian doctrine, and where both are pleaded evidence on the issue of mismanagement, letting

in the humanitarian doctrine, is not rendered inadmissible by the allegations as to specific negligence.

5. ————: **Humanitarian Doctrine: No Evidence of Speed of Train: Instructions.** Where in an action for damages for being run down by a railroad train there was no evidence as to the rate of speed of the train or the distance within which it could have been stopped, it was error to instruct that the defendant railroad was liable if the trainmen saw the plaintiff, or in the exercise of ordinary care should have seen him, in a perilous position, in time to have stopped the train and saved him, but negligently failed to do so.

6. **ABSTRACT OF RECORD: Respondent's Additional: Not Filed: Matters for Review.** A respondent who wishes to have the benefit of a review of instructions which he asserts were given for the appellant, and which were not set out in appellant's abstract of the record, must, under the statute, file an additional abstract of the record setting them out, and having failed to do so he will not be heard to contend, after merely including them in his brief, that they cure error in instructions given for him.

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett,* Judge.

REVERSED AND REMANDED.

*Scarritt, Scarritt, Jones & Miller* for appellants.

(1) To hold that section 3078 is applicable to defendant would be contrary to section 15 of article 2 of the Constitution of Missouri and contrary to section 10 of article 2 of the Constitution of the United States, which forbid the passage of acts retroactive in operation or which impair the obligations of contracts. Section 43 of said defendant's amended charter of 1870 (Laws 1870, p. 93) gave to said railroad company the right to lease its road upon such terms as it saw fit, and without any restriction or condition that it as lessor company should be or remain liable for any acts of the lessee company in the operation of said railroad; that such charter constituted a contract between said railroad company and the State and that section 3078,

enacted after said amended charter was enacted, altered and impaired such charter, cannot be gainsaid. Said section 3078 cannot, we submit, be sustained as a valid amendment to said defendant's charter for several reasons. (a) Since the adoption of the Constitution of 1865 which provides that "the act or part of act amended shall be set forth and published at length, as if it were an original act or provision," it has not been permissible to amend a legislative act by implication. State ex inf. v. Trust Co., 144 Mo. 595. (b) At the time of the granting of said defendant's amended charter and at the time of the enactment of said section 3078, there was in effect, applicable to this railroad, which was originally chartered in 1859, no constitutional or legislative enactment which gave to the Legislature the right to amend its charter at will and without its consent and without notice to it. On the contrary, there was in force and effect at that time a legislative enactment, to-wit, R. S. 1865, chap. 62, sec. 21, p. 330, which expressly forbade that the charter of any corporation should be altered by the Legislature "unless proof be made satisfactory to the Legislature that notice of such proposed alteration, suspension or repeal has been given to the president and secretary of such corporation for at least one month before the time at which such alteration, suspension or repeal will be proposed." There can be no pretense that such statute was complied with in this instance. We therefore submit that plaintiff did not and could not make any case against said defendant Louisiana & Missouri River Railroad Company, and that the trial court erred in not certifying this case up to the Federal court and in asserting jurisdiction of the case after the filing of such petition and bond for removal. (2) Defendant's demurrers to the evidence should have been sustained. (a) The trial court erred in submitting this case to the jury upon the humanitarian or last chance doctrine as was done by plaintiff's instruction

No. 1. This instruction was not justified either by the allegations of the petition or by the proof adduced. In the petition plaintiff does not charge directly or indirectly that those in charge of the train in question could have stopped the same after they saw or might have seen plaintiff in a position of peril. The only allegations of negligence in plaintiff's petition are that defendants did not give plaintiff any warning or alarm and that defendants did not have a brakeman or any agent or servant or employee on the rear of said train while backing. The further allegation of the petition is that said injuries to plaintiff were caused wholly on account of the negligence . . . in running its said train as aforesaid.'' Plaintiff must recover, if at all, upon the specific acts of negligence charged in the petition. McGrath v. Transit Co., 197 Mo. 105. (b) There was no evidence whatever as to the speed of the train or as to the distance in which it could have been stopped. There is no evidence as to what was done or not done toward stopping it. That plaintiff could not recover upon the humanitarian doctrine without proof of these essential things is too obvious to make it necessary to cite authorities. (3) Instructions cannot and will not be considered by the court unless they appear in appellant's abstract of the record herein, or respondent has included them in an additional abstract of record.

BLAIR, C.—The Louisiana & Missouri River Railroad Company (a Missouri corporation) owns a railway line passing through Mexico, Missouri, which the Chicago & Alton Railroad Company (an Illinois corporation) operates as lessee. Respondent having been injured by a train of the latter company, recovered judgment for $1000 against both companies, and both appealed.

In the circuit court the Chicago & Alton Railroad Company in due time filed its petition and bond for

removal of the cause to the Federal court. The circuit court approved the bond but refused to order the cause removed, and appellants answered.

In each answer it is averred that the cause had been removed and the court had no jurisdiction; this is followed by a general denial and a plea that respondent's injury, if any, was due to his "own fault and negligence directly contributing thereto in whole or in part," and each answer avers that the other answering defendant is improperly joined and that there is a misjoinder of parties defendant. In addition, the answer of the Louisiana & Missouri River Railroad Company avers that by its charter it was authorized to lease and did lease its road in such manner that it was relieved of any liability for damages resulting from the negligence of its lessee; that its charter gave it the power so to do, and that to construe section 1060, Revised Statutes 1899 (now 3078, R. S. 1909) to be applicable to it would impair its charter contract with the State and violate section 15 of article 2 of the Constitution of Missouri and section 10 of article 2 of the Constitution of the United States.

The petition alleges that the respondent was injured while walking along the track at a place where persons were accustomed to walk thereon and "which by common consent had been so used by pedestrians as a public thoroughfare for many years;" that while respondent was walking on and along the tracks in a westerly direction the Chicago & Alton Railroad Company's servants and agents caused a train in their charge to be backed upon and over respondent, seriously injuring him; that defendants failed to warn plaintiff "and did not have a brakeman or any agent or servant or employee on the rear of said train while backing, although it was their duty to do so; and that said injuries to plaintiff were caused wholly on account of the negligence, willfulness and carelessness of defendant, The Chicago & Alton Railroad Company, its

agents, employees and servants, in running its said train as aforesaid. Plaintiff further states that the defendant, the Chicago & Alton Railroad Company, its agents, employees and servants, were negligent in the running of the said train and in failing to give plaintiff warning and alarm and in failing to have a 'lookout' on said train to warn pedestrians on said track, as it was their duty to do. By reason whereof they ran plaintiff down, struck and injured him as aforesaid, by their carelessness and negligence and in violation of the law.''

There was evidence that respondent about 1:30 p. m. on a clear day, on leaving a mill adjoining the right of way, looked east and saw no train; then started west beside the track and then got upon the track and walked along it, without looking back, until struck by an Alton train backing in from the east and which had come upon the track upon which respondent was walking by means of a switch several hundred feet east of the point at which respondent was struck. The distance respondent walked upon the track is not definitely fixed but may have been 15 or may have been 50 or maybe 120 feet. The train was stopped three car lengths after it struck respondent but before he was discovered by the trainmen. There was a freight train on a track beside that on which respondent was walking.

Respondent heard no bell or whistle or warning and first saw the flagman as he (respondent) dragged himself from beneath the front of the car next the tender. The flagman was then upon the west end of the coach nearest the engine. The fireman was in the engine and the conductor was not at hand.

At respondent's request the court instructed the jury upon the theory that if the track was used as a passway and thoroughfare with appellants' knowledge and respondent was upon the track and appellants' servants saw or in the exercise of ordinary care should

have seen respondent in a perilous position in time to have stopped the train and saved him and negligently failed to do so, then the verdict should be for respondent.

I. It is urged that the trial court had
Removal of       no jurisdiction.   The Chicago & Alton
Causes:          Railroad Company is an Illinois corpora-
Lessee of
Railroad:        tion and if sued alone would have been
Illinois
Corporation.     entitled to have the cause removed on the
ground of diversity of citizenship.

It is contended that the Missouri corporation is, as a matter of law, not liable for damages resulting from negligence of its lessee, was therefore not properly a party to the suit, and, consequently, its being joined did not affect the Alton's right to remove the cause; and, therefore, the petition for removal should have been sustained and further proceedings of the circuit court were without jurisdiction.

The non-liability of the Louisiana & Missouri River Railroad Company is asserted to arise out of the
                 fact that the company was chartered by
Obligation of    the Legislature in 1859 by an act which
Contracts.
                 expressly excepted the corporation from
the provisions of section 7 of article 1 of the General Chapter on Corporations, Revised Statutes 1855, p. 371, which section reserved the right to alter and amend corporate charters.   On this ground the application to the company of the Act of March 24, 1870 (formerly Sec. 1060, R. S. 1899, and now Sec. 3078, R. S. 1909) is resisted.   That act expressly provided and provides that a railroad company leasing its properties shall remain liable for damages resulting from the negligence of its lessee.   The liability of the company has been previously affirmed by this court (Brown v. Railroad, 256 Mo. 522; Dean v. Railroad, 199 Mo. 386; Markey v. Railroad, 185 Mo. 348) and the correctness

of these decisions on the questions therein raised is not challenged, but it is said a new and controlling question is presented by the fact, now called to this court's attention for the first time, that by an act approved by the Governor and accepted by the company January 19, 1870, and which took effect March 20, 1870, four days before what is now section 3078, Revised Statutes 1909, became law, the company was given the right to lease its road on such terms as it could secure, and that to construe section 3078 as qualifying this right would be to construe the section retrospectively and impair the company's charter contract, thus violating designated constitutional provisions.

Assuming that the Act of 1859 was unamendable without the company's assent, and that the Act of 1868, amending the former, was likewise, yet neither conferred upon the company any right to lease its road, that right being conferred for the first time by the Act of January 19, 1870. Prior to this enactment the Constitution of 1865 had been adopted and was in force, section 4, article 8 thereof expressly providing that "Corporations may be formed under general laws, but shall not be created by special acts, except for municipal purposes. All general laws and special acts passed pursuant to this section may be altered, amended, or repealed."

The policy of this section is clear enough; and while it may be conceded contract rights cannot lawfully be impaired even by the adoption of constitutional provisions affecting them, yet it is true that the right to lease its road could not have been a part of the company's charter contract in any sense until 1870 (Dean v. Railroad, 199 Mo. l. c. 390; Thomas v. Railroad, 101 U. S. 1. c. 84), and since this right to lease was a new, an additional and markedly different power, conferred by the *Legislature* in 1870, it was subject to any applicable constitutional provisions, which provisions would, of course, remain applicable despite any

prior or subsequent legislation, whether found in amendments to the Missouri company's charter or elsewhere.

The provision in the Act of 1870 (or in former acts which it amended or consolidated) excepting the company from the section of the general law reserving to the Legislature the power to alter and amend the charter, can in no way impair the force of the constitutional section quoted. We think that section, announcing the general policy of the State, is applicable to that part of the Act of January, 1870, which conferred a new power, the right to lease, upon the company, and that it, by its own force, reserved to the State the right to alter and amend the new provisions of the former charter, added after the adoption of the Constitution of 1865 and forming no part of the charter of the company until 1870. Being no part of the original charter contract and being a power accepted after the adoption of the Constitution of 1865, the power to amend the Act of 1870 which conferred the new power was reserved by the constitutional section quoted, and that act was amended by the act of March 24, 1870 (sec. 3078, R. S. 1909), and that is the act now applicable and under it the company is clearly liable for damages resulting from the negligence of its lessee. The Missouri company was properly joined, the application to remove to the Federal court was properly denied and the trial court had jurisdiction.

II. The question whether the humanitarian doctrine was in the case under the pleadings is raised.

Pleading: Specific Negligence and Humanitarian Doctrine.

It is true that when specific negligence only is pleaded recovery must be had thereon or not at all. [McGrath v. Transit Co., 197 Mo. l. c. 105.] But it is also true that a charge of negligent management of a train is sufficient pleading to let in

the humanitarian doctrine.  [Hanlon v. Railroad, 104 Mo. l. c. 391.]

In this petition both specific negligence and general mismanagement of the train are pleaded, and evidence directed to the issues raised by the plea of mismanagement was not rendered inadmissible, because, in addition to such plea, there were allegations of specific negligence independently made.

III.  The instruction epitomized was erroneously given.  There was no evidence as to the rate of speed the train was moving nor was there any evidence as to the distance within which the train, whatever its rate of speed, could have been stopped.  There was no basis in the evidence for the instruction.

*Instructions: Humanitarian Doctrine: No Evidence of Speed of Train.*

In respondent's brief instructions are copied which respondent asserts appellants jointly asked and which are said to proceed upon the same theory as that given for respondent and epitomized above.  This, it is argued, cures the error in respondent's instruction, or, rather, makes the error, if any, common, and therefore unavailable as ground for reversal.  The trouble with this contention is that no such instructions appear in the abstract of record, nor does respondent bring them forward in an additional abstract.  The statute is clear. If respondent was not satisfied with the abstract of record and desired to complain thereof it was necessary for him, under the statute, to file an additional abstract to which the same statute would have given appellants a right to object to the end that the whole record might then have been certified here and all disputed questions respecting it fairly settled.  Not pursuing the statutory course, respondent accepted appellants' abstract as final, and the latter had the right to rely upon it as so accepted and cannot now be called

*Abstract of Record.*

upon to meet additional matter merely set out in respondent's brief.

The judgment is reversed and the cause remanded. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.