## WATSON v. CHEVROLET MOTOR CO. OF ST. LOUIS et al.

### No. 9737.

Circuit Court of Appeals, Eighth Circuit.

Jan. 22, 1934.

Rehearing Denied Feb. 26, 1934.

William T. Thompson, of Richmond, Mo. (David A. Thompson, of Richmond, Mo., and Davis & Davis, of Kansas City, Mo., on the brief), for appellant.

David L. Sheffrey, of Kansas City, Mo. (Arthur Miller, Alton Gumbiner, Roscoe C. Van Valkenburgh, and Sidney J. Brick, all of Kansas City, Mo., on the brief), for appellees.

Before STONE, SANBORN, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

This is a suit against appellees in the sum of $50,200 for personal and property injuries alleged to have been sustained by appellant, who was driving his automobile south on highway No. 13 in Caldwell county, Mo., at a point of intersection with a by-road on which the individual defendant appellees, Gregory and Cooper, were driving. A collision occurred, causing the injuries sued for.

The petition alleges that the Chevrolet Motor Company maintained a billboard on the north side of highway Number 13, starting at the grader ditch in said highway, "and together with other billboards extending back about thirty-five or forty feet on the said by-road, running east and west, obstructing the view of the plaintiff on Number 13, and defendants on said by-road."

The negligence charged against the individual appellees is thus stated:

"1. That the defendants, Charles Gregory and Ross Cooper negligently and carelessly failed to give plaintiff any warning of their approach.

"2. That the defendants, Charles Gregory and Ross Cooper, carelessly and negligently drove Gregory's car to the left of the center of the intersection of the said highways.

"3. That the defendants, Charles Gregory and Ross Cooper, negligently and carelessly failed to stop Gregory's car before driving upon highway No. 13 which has a great deal of traffic."

The negligence charged against the Chevrolet Motor Company is that it negligently and carelessly maintained a billboard on the north side of said byroad without the written consent of the Missouri state highway commission, and after it had been notified by said commission to remove the same. That the billboard, or boards, thus maintained, prevented plaintiff, appellant, from seeing the approach of the individual defendants in time to have avoided the collision.

The plaintiff and individual defendants are citizens and residents of the state of Missouri. The Chevrolet Motor Company is a corporation organized under the laws of Delaware, and a citizen of that state, and procured the case to be removed to the District Court of the United States for the Western District of Missouri on the ground of diversity of citizenship and separable controversy. A motion to remand was overruled. Thereafter the Chevrolet Company filed a demurrer to the petition on the ground that it failed to state facts sufficient to constitute a cause of action. This demurrer was sustained; an amended petition was filed; and a second demurrer sustained. Error is assigned to both rulings of the District Court. We find it necessary to consider only the ruling upon the motion to remand.

■ "When the plaintiff's petition states a case of joint liability in tort under the state law against a resident and a nonresident defendant and the petition to remove the case on the ground that it contains a separable controversy fails to aver facts showing that

the joinder is fraudulent, the District Court must remand." McAllister, Administratrix, v. Chesapeake & Ohio Railway Company, et al., 243 U. S. 302, 37 S. Ct. 274, 61 L. Ed. 735.

The question of joint or several liability is to be determined by the local law. Kelly v. Robinson et al. (D. C.) 262 F. 695, 697, and cases cited. Whether a case could ultimately be found against the nonresident defendant is immaterial on the question of removal if the joinder was not fraudulent. Illinois Central R. Co. v. Sheegog, 215 U. S. 308, 30 S. Ct. 101, 54 L. Ed. 208. In the case before us there was neither allegation nor proof of fraudulent joinder.

The Missouri rule respecting joint liability resulting from injuries sustained through concurring negligence is thus stated: "Where one is injured from separate negligent acts of different persons, a recovery from either one or both of the tortfeasors whose negligence concurred in and contributed to his injury may be had." Miller v. United Railways Company, 155 Mo. App. 528, 134 S. W. 1045.

In joining two such defendants, the central and controlling thought is that the several negligent acts, co-operated to produce a single result. Reynolds v. Metropolitan St. R. Co., 180 Mo. App. 138, 144, 168 S. W. 221. Among other Missouri cases in which such joint liability has been sustained are Schwyhart v. Barrett et al., 145 Mo. App. 332, 130 S. W. 388; Whiteaker v. Chicago, R. I. & P. R. Co., 252 Mo. 438, 160 S. W. 1009; Fleming v. Railroad Co., 263 Mo. 180, 172 S. W. 355; Neal v. Curtis & Co. Mfg. Co., 328 Mo. 389, 41 S.W.(2d) 543, and Wright v. Railway Company, 327 Mo. 557, 37 S.W. (2d) 591.

Where the complaint in an action of tort, reasonably construed, charges concurrent negligence, the controversy is not separable, the question is to be determined by the condition of the record in the state court where the removal petition is filed, the cause of action is whatever the plaintiff, by his pleading, declares it to be, and matters of defense furnish no ground for removal. Chesapeake & Ohio Railway Co. v. Dixon, 179 U. S. 131, 21 S. Ct. 67, 45 L. Ed. 121; Chicago, R. I. & Pacific R. Co. v. Martin, 178 U. S. 245, 20 S. Ct. 854, 44 L. Ed. 1055; Powers v. Chesapeake & Ohio R. Co., 169 U. S. 92, 97, 18 S. Ct. 264, 42 L. Ed. 673; Nelson v. Arcade Investment Co. (D. C.) 30 F.(2d) 695.

Judge Cooley in his Work on Torts (3d Ed.) p. 247 says: "The weight of authority will, we think, support the more general proposition that, where the negligence of two or more persons concur in producing a simple, indivisible injury, then, such persons are jointly and severally liable, although there was no common duty, common design, or concert of action."

And in 26 Ruling Case Law, 764, the rule is thus stated: "There is a class of cases in which the defendants are jointly and severally liable, although they are several and not joint tort-feasors, as where there is no concert of action or unity of purpose, but the acts are concurrent as to place and time, and unite in setting in operation a single destructive and dangerous force which produces the injury. * * * If their acts are separate and distinct as to place and time, but culminate in producing a public nuisance, which injures the person or property of another, they are jointly and severally liable." See Bunker Hill, etc., Mining Company v. Polak (C. C. A. 9) 7 F.(2d) 583, 584.

The facts stated in the original petition filed in the state court point to the conclusion that the several acts of negligence, if sustained by the proofs and supported by the applicable law, concurred to cause, or contribute to, the injuries alleged to have been sustained. The main contention of appellees is that the petition did not in terms state that the several negligent acts alleged concurred to produce those injuries; and that such an allegation is essential to prevent removal on the ground of separability. Reliance is placed upon cases cited from this and the Sixth Circuit. Some language of Judge Faris, in Beal v. Chicago, Burlington & Quincy R. Co. (D. C.) 298 F. 180, 181, which did not, however, condition the decision of that case, is cited in support of this contention. The language in question is based upon two express citations, Nichols v. Chesapeake & Ohio R. Co. (C. C. A. 6) 195 F. 913, 915, and Jackson v. Chicago, R. I. & P. R. Co. (C. C. A. 8) 178 F. 432. In the Nichols Case, the railway company filed its petition for removal, alleging a separable controversy. The state court denied the petition. 127 Ky. 310, 105 S. W. 481, 17 L. R. A. (N. S.) 861. A transcript was filed in the federal court, and a motion to remand was denied. Plaintiff thereupon discontinued the case. Shortly afterward, and apparently in the same action in the state court, plaintiff filed an amended petition setting out as an additional act of

negligence on the part of the railroad alone, a violation of the Safety Appliance Act. A petition for removal was granted by the state court and a second transcript filed in the federal court. This is spoken of by the Circuit Court of Appeals as a second removal proceeding. Trial in the District Court resulted in a directed verdict for defendant, which was sustained in the Circuit Court of Appeals. The decision was based upon the holding of the Supreme Court in Union Pacific Railway Company v. Wyler, 158 U. S. 285, 15 S. Ct. 877, 39 L. Ed. 983, to the effect that "the liability under a statute for failing to observe its provisions and the liability under the common-law rules of negligence may give rise to causes of action so separate that one may be barred by statute where the other would not be." 

Wherefore, says the court in Nichols v. Railway Co., "it seems necessarily to follow that, where there are separate or distinct causes of action, there must be separable controversies."

In Jackson v. R. Co. this court had before it a similar situation, except that, in that case, liability was attempted to be based upon two statutes with different periods of limitation. The later one, with specific application, made the railroad company alone liable. This statute was held to prevail over the earlier one of general application, and under it a separable controversy, which entitled the railroad to remove, was held to be stated.

The case before us presents a different situation from those cited. It is true that, in his original petition in the state court, appellant refers to the alleged fact that the motor company defendant was maintaining its billboard without the consent of the Missouri state highway commission, which, by law, is given control over state highways. But the gist of the negligence alleged is that the defendant motor company wrongfully maintained, at the intersection of the highway and byroad, and projecting into the grader ditch, an obstruction to the view of motorists on these roads, which prevented appellant from seeing the approach of the other car, and thereby avoiding the collision which occurred.

The petition states a case of the alleged negligence of two different persons, which, without common design or concert of action, concurred to produce a single, indivisible injury. The fact that one party is not primarily responsible for the act of the other can have no effect upon the right of joinder. This situation is present in most cases of concurrent negligence where there is no concert of action nor unity of purpose. Nor do we think it necessary that the petition must in terms allege that "such separate and distinct acts were joint and concurrent," as appellees contend. It is sufficient if the petition, reasonably construed, charges concurrent negligence. As said by the late Judge Walter H. Sanborn, speaking for this court in City of Winfield v. Wichita Natural Gas Company, 267 F. 47, 52: "It is the controversies, the facts pleaded in the complaint portray, not the legal conclusions the pleader alleges result from those facts, nor his averments of joint liability or joint action, nor his prayer for relief, that determine whether or not the controversies disclosed by the complaint are separable."

Appellees urge that "there is no basis for appeal from the order of the district court dismissing the case for want of prosecution, since the record does not disclose any grounds or cause justifying or explaining plaintiff's failure to prosecute." But the order of dismissal itself states that plaintiff, through his counsel, had appeared after the demurrer to his amended petition had been sustained, and had notified the court that he would not plead further, but elected to stand on his amended petition. The appeal was taken in time, and the case is properly here. Furthermore, it is primarily established that, in every such pending case, the question of jurisdiction must be considered. It must be established at the threshold whether, under the Constitution and laws of the United States, this court or the court of original jurisdiction could take cognizance of the case. Chicago, Burlington & Quincy R. Co. v. Willard, 220 U. S. 413, 419, 31 S. Ct. 460, 55 L. Ed. 521.

Being of opinion that appellant's petition in the state court stated a case of joint liability under the state law, in which case both the plaintiff and two of the defendants were citizens and residents of Missouri, it follows that the motion to remand should have been sustained, and that both the District Court and this court are without further jurisdiction in the premises. The decision upon the merits is exclusively for the state court, and upon them we express no opinion. The case is remanded, with directions to set aside the order of dismissal and to remand the case to the circuit court of Caldwell county, from which it was removed. It is so ordered.