**LAWLESS v. AMERICAN DIXIE SHOPS, Inc., et al. (two cases).**

**Civ. Nos. 5861, 5862.**

United States District Court
W. D. Missouri, W. D.

Oct. 17, 1949.

Popham, Thompson, Popham, Mandell & Trusty, Kansas City, Mo., for plaintiffs.

Watson, Ess, Whittaker, Marshall & Enggas, by James C. Wilson, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

Each of the above cases was removed from a state court upon the specific ground that the resident defendant had been fraudulently joined with the non-resident removing corporate defendant. The complaint contains averments that the damages sustained by the plaintiffs accrued to them by reason of the negligent operation of an automobile on the north side of Tenth Street near McGee Street in Kansas City, Missouri, about 8:30 P. M., March 20, 1947. An operative of the corporate defendant was backing the automobile in which plaintiff, Virginia Lawless, was a passenger, and, in doing so, collided with another automobile parked on the north side of said Tenth Street. The parked automobile was owned and operated by co-defendant, Edward Cranfill. The allegations of negligence against him were and are that he failed and neglected to display his lights as provided by an ordinance of Kansas City and that his automobile was not as near the curb as proper and due care would have required.

Upon these averments the removing defendant perceived a fraudulent joinder for the reason that said Edward Cranfill was a resident of Missouri. Plaintiffs are also residents of Missouri. It is the contention of able counsel for the removing defendant that the ordinance relied upon by the plaintiffs is not susceptible to the interpretation placed by them, and, moreover, that it can be shown and was shown in the trial of a companion or kindred case that the negligence of the local defendant did not contribute to the accident and consequent injuries to the plaintiffs. In answers filed by the corporate defendant all of the facts are admitted, as alleged by plaintiffs, save only that it is denied that there was negligence on the part of the corporate defendant. The removing defendant has submitted a transcript of the testimony in the case of Lawless v. Abramovitz,[1] numbered 5348, tried before one of my associates, Honorable Albert A. Ridge, for the purpose of showing no negligence on the part of the resident defendant.

1. The complaint specifically avers concurring negligence on the part of the non-resident and the resident defendant. It is charged that the motor vehicle of the corporate defendant was being carelessly and recklessly operated in being backed too rapidly on the north side of Tenth Street, as above narrated, and that this negligence concurred with that of the resident defendant in his failure to obey an ordinance requiring lights to be displayed on his parked automobile.

In the case of Watson v. Chevrolet Motor Co., 68 F.2d 686, the Court of Appeals, this Circuit, quite clearly stated the law with respect to the liability of joint tortfeasors under circumstances precisely like these here presented. See also Polito v. Molasky et al., 8 Cir., 123 F.2d 258, loc. cit. 259; Bentley v. Halliburton Oil Well Cementing Co., 5 Cir., 174 F.2d 788.

2. It is strenuously argued by able counsel for the removing defendant that the ordinance relied upon by the plaintiffs did not impose an obligation upon the resident defendant to display lights on his car for the reason that it appeared from evidence in another case the street at that point was well illuminated. The ordinance, however, does not make exceptions. It is the universal rule that automobiles at rest in the night time should display lights. Inattention on the part of the police department to violation of the ordinance would not serve to modify or repeal it. Those who violate the ordinance do so at their risk. It is the rule in Missouri that the violation of an ordinance as well as a

1. No opinion for publication.

statute is negligence per se. It was so held as early as 1892 by the Supreme Court of Missouri in Brannock v. Elmore, 114 Mo. 56, loc. cit. 59, 21 S.W. 451.

3. Whether in a kindred case there was lacking evidence of negligence on the part of the resident defendant is unimportant here. The complaint in this case avers joint and concurrent negligence on the part of the two defendants and it is tacitly admitted that the local defendant had not obeyed the ordinance pleaded. A joint cause of action is therefore stated in good faith.

It follows from the above that each of the above cases should be remanded to the state court from which removed and it will be so ordered.