ELMER CUNNINGHAM, RESPONDENT, v. KANSAS CITY PUBLIC SERVICE CO., APPELLANT.—77 S. W. (2d) 161.

Kansas City Court of Appeals. July 2, 1934.

*Allan R. Browne, Wilbur E. Ennis* and *Grover & Browne* for respondent.

*Charles I. Carr, Hogsett, Smith, Murray & Trippe* and *E. E. Ball* for appellants.

CAMPBELL, C.—Plaintiff brought this suit to recover damages for personal injuries caused by a collision between an automobile which he drove south on Oak Street Trafficway, a north and south street, and a westbound street car operated by defendant on Eighth Street, an east and west street, in Kansas City, Missouri. A trial to court and jury resulted in a verdict and judgment for the defendant. The plaintiff filed motion for new trial which was sustained "on account of errors in instructions." Defendant has appealed.

The defendant contends that the court should have sustained its demurrers to the evidence, for the reason that plaintiff failed to prove the negligence charged. The negligence alleged was a violation of the humanitarian rule.

Plaintiff testified that Oak Street Trafficway was sixty feet wide and that Eighth Street was thirty feet wide; that the place of collision was upon the intersection of said streets; that there was a stop sign at the northwest corner of the intersection; that when the

automobile entered the intersection, the north line of which was about ten feet north of the north rail of the street car track, it was going about five miles per hour; that he did not stop at the stop sign; that when he passed the stop sign the street car was not in the intersection; that at the time of the collision he was going about one mile per hour; that when the front of the automobile was within four or five feet of the street car track he first saw the approaching street car ten feet distant, and that the street car struck the left fender of the automobile.

Fred Lytle, a witness for plaintiff, testified that he saw the automobile when it was fifteen feet north of the curb of Eighth Street. At that time the street car was sixty feet east of the place of collision; that the operator of the street car did not sound a gong or reduce the speed of the street car until the instant of the collision; that the street car was going ten to fifteen miles per hour. There was evidence that the street car if going ten miles per hour could have been stopped within ten or fifteen feet and if going fifteen miles per hour in fifteen to twenty feet. The evidence was sufficient to show that plaintiff disregarded the stop sign, drove slowly toward the path presently to be occupied by the street car, oblivious of the danger until he was within four or five feet of the track; that no warning was sounded or effort made to stop the street car before the collision. There was no evidence in plaintiff's case that the operator knew or in the exercise of due care should have known that plaintiff was oblivious or that the latter would not stop until it was too late to avoid the accident; but plaintiff was entitled to the benefit of defendant's evidence favorable to him. The operator, a witness for defendant, testified that he saw plaintiff approach and enter the intersection without heeding the stop sign; that he then "realized . . . there might be a collision. Q. And what did you do then? A. I threw my car in emergency." From the evidence of the operator the jury could find that the conduct of plaintiff at the time he entered the intersection was such that the operator realized that plaintiff was approaching the danger zone oblivious of his peril. The evidence introduced by plaintiff and the evidence of the defendant which was favorable to plaintiff was sufficient to warrant the jury in finding that plaintiff drove the automobile into the danger zone, oblivious of his peril; that when defendant's operator realized "there might be a collision" the street car was sixty feet distant from the place of collision, and that although the street car could have been stopped in ten to twenty feet the operator negligently failed to check its speed or sound a warning. It is manifest there was evidence tending to prove every essential element of plaintiff's case. [Banks v. Morris, 302 Mo. 254; Spoeneman v. Uhri, 60 S. W. (2d) 9; Martin v. Fehse, 55 S. W. (2d) 440; McCoy v. Home Oil & Gas Co., 48 S. W. (2d) 113.]

The defendant argues that "plaintiff first testified that he did not see the street car at any time before the collision. Later he testified that he saw the street car when he was four or five feet from the track and at that time the street car was ten feet away. He also testified that when he went upon the track the street car was right on him, and later testified that when he went upon the track the street car was two, three, four or five feet from him." We do not find that plaintiff testified in the trial that he did not see the street car before the collision. In a deposition he testified that he did not see the street car until it struck the automobile. The evidence in the deposition, however, was not conclusive on plaintiff. In the trial he testified that when the front of his automobile was four or five feet from the track the street car was ten feet east of him. He also testified as follows:

" 'Q. How far was the street car from your car at the time your front wheel got onto the track? A. Right on it.

" 'Q. A few feet, two or three feet? A. Well, I couldn't tell that. I was setting in the car and couldn't tell how far.

" 'Q. Well, was it four or five feet, give us your best judgment, or did the collision occur just about the time your wheel got on the track? A. It was done so quick I don't know hardly what it was, just how it was.

" 'Q. What I am trying to get at is this, Mr. Cunningham, are you able to tell the jury at the time the front wheel of your car, or your automobile got onto the street car track, at that minute or second, how far to your left was this street car approximately.'

"MR. BROWNE: That is objected to as repetition. He has been over that.

"THE COURT: Let him answer.

" '(To which ruling and action of the court the plaintiff by his counsel at the time duly excepted and still excepts.)

" 'A. It was right onto me at that time.

" 'Q. Well, a few feet? A. Yes, sir; a few feet from me.

" 'Q. Two or three or four or five feet? A. Somewhere along there.' "

Plaintiff's several statements were not as a matter of law inconsistent.

The defendant contends that plaintiff was not entitled to the benefit of the testimony of his witness Lytle, for the reason that the evidence of Lytle contradicted plaintiff's own testimony. The witness Lytle testified that in his opinion the speed of the automobile was about ten miles per hour. Plaintiff said he was going about five miles per hour. In all other respects the witness Lytle corroborated plaintiff's own testimony. The defendant says that there was no error in any of the instructions. The plaintiff says that the trial

court erred in giving instructions E, C and N, requested by the defendant. The instructions are as follows:

"E.

"The court instructs the jury that under the ordinance in force and effect at the time and place in question the plaintiff was required to stop his automobile at the 'stop' sign on the northwest corner of said intersection and was required to bring his automobile to a stop before driving into and upon Eighth Street at said intersection.

"You are further instructed that the operator of said street car had the right to assume that plaintiff would comply with this ordinance, and had the right to operate his street car upon this assumption until he saw or by the exercise of ordinary care could have seen that plaintiff was not going to stop at said 'stop' sign or before he came upon Eighth Street at said intersection, and if thereafter the operator of said street car then exercised ordinary care to slacken the speed or stop said street car or to sound a warning of its approach, then said operator was not guilty of negligence and plaintiff cannot recover in this case and your verdict must be for defendant."

"C.

"The court instructs the jury that by the ordinances of Kansas City, Missouri, Eighth Street at Oak Street is and was at the time of the collision in question a 'through' street and it was the duty under the ordinances of Kansas City, Missouri, for a driver of an automobile approaching Eighth Street on Oak Street to bring his automobile to a full stop before entering Eighth Street and the mere fact (even if it be a fact) that plaintiff was a stranger in the city or that automobiles were parked along the curb of Oak Street north of Eighth Street at the time of this collision did not relieve plaintiff of that duty nor serve as any notice to defendant's operator that plaintiff would not comply with that ordinance."

"N.

"The court instructs the jury that if you believe and find from the evidence that plaintiff drove his automobile from a place of safety into said street car or into the path of the same at such a time and in such a manner that defendant's operator could not avoid said collision by the exercises of ordinary care with the means at his command as submitted to you in other instructions, then you are instructed that said operator was not guilty of negligence and plaintiff cannot recover in this suit and your verdict should be for defendant."

Instruction E was in the disjunctive. It allowed a verdict for the defendant if the operator of the street car, after he saw that plaintiff disregarded the stop sign, exercised ordinary care to slacken the speed or stop the street car or to sound a warning. The operator testified that he knew at the time plaintiff passed the stop sign, that there was danger of a collision. Under such circumstances the

jury could find that ordinary care on the part of the operator required him to reduce the speed *and* stop the street car if he could do so in safety, *and* to sound a warning. Under the instruction if the jury found that after plaintiff passed the stop sign the operator exercised ordinary care to sound a warning the plaintiff could not recover. This was error. The instruction was erroneous for another reason. It in legal effect told the jury that the danger zone was upon Eighth Street at the intersection or at the stop sign. "Defendant argues that plaintiff was not in the danger zone when he was thirty-five feet away from the track. Where the danger zone commenced was a question for the jury under the facts and circumstances of this case." [Kloeckener v. St. L. P. S. Co., 53 S. W. (2d) 1043.]

Although Instruction C, strictly speaking, did not tell the jury that contributory negligence was a defense it was calculated to mislead the jury into believing that a violation of the ordinance adversely affected plaintiff's case. A similar instruction was condemned in the case of Causey v. Wittig, 11 S. W. (2d) 11.

Instruction N was an argument in favor of the defendant and as such must be condemned. It was further erroneous for the reason that it was predicated upon "other instructions" which were erroneous. [Causey v. Wittig, supra.]

In event the case is retried and the plaintiff again objects to the introduction of the ordinance the objection should be sustained. Plaintiff's case was based upon the humanitarian doctrine and a violation of the ordinance does not affect his cause of action. The motion for new trial was correctly ruled. The judgment is affirmed. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.