## LEEPER v. NATIONAL LEAD CO.
### No. 1640.

District Court, E. D. Missouri, E. D.
Nov. 18, 1941.

Cox & Blair, of St. Louis, Mo., for plaintiff.

Moser, Marsalek & Dearing, of St. Louis, Mo., for defendant.

COLLET, District Judge.

■ The issue presented by defendant's motion for a more definite statement is whether the petition in this case states facts, which if true, are sufficient to warrant the application of the res ipsa rule. If facts are stated which justify the application of that rule no assignment of specific

122

acts of negligence is necessary. If such facts do not appear from the petition, defendant is entitled to know in what particular plaintiff claims it was negligent. That part of the petition charging negligence is as follows:

"Plaintiff states that on and prior to the 4th day of June, 1941, John Leeper, Sr., deceased, was employed by the Fleischer-Seeger Construction Company, and that said company on said date was by contract assisting in the erection and construction of a sulphur burner tank upon the defendant company's property, said tank being known as Unit 4, in the Titanium Division of said defendant company, located at Mississippi River and River Des Peres, St. Louis County, Missouri, and that in the performance of construction work by said Fleischer-Seeger Company, the said John Leeper, Sr., deceased, as an employee of the said Fleischer-Seeger Construction Company, was required to enter and be upon the premises of the defendant to perform work and labor upon the said sulphur burner, known as Unit 4, and that while he was lawfully upon the defendant's said premises and while performing his duties in the construction of said tank, as aforesaid, as a direct and proximate result of the carelessness and negligence of the defendant company an explosion occurred in said sulphur burner, known as Unit 4, seriously injuring said John Leeper, Sr., deceased, and that said John Leeper, Sr., deceased, thereafter died as a direct and proximate result of said injuries."

■ At this stage of the case it must be assumed that proof of an explosion in the sulphur burner, the cause of which explosion is unexplained, may, together with evidence that such explosions do not usually occur if proper care is observed, be made the basis for an inference of negligence. The evidence need not be pleaded and it alone will determine the submissibility of the case on that ground.

The more serious question is whether the petition alleges facts which, if established by the evidence, would bring home to this defendant responsibility for that negligence. The draftsman of the pleading apparently proceeded upon the assumption that it was sufficient to state facts showing that the deceased was lawfully upon the defendant's premises, that the explosion occurred on those premises and was the direct result of defendant's negligence.

■ If the petition was not drawn on the assumption that this was a res ipsa case and had stated what specific negligent acts caused the explosion, followed by the general statement that the explosion was the result of defendant's negligence, an entirely different situation would be presented. But when the general statement (or legal conclusion as it is sometimes characterized) that it was defendant's negligence which caused the injury is predicated upon the application of the res ipsa doctrine, instead of specific acts of negligence, the facts which give rise to the application of this doctrine should be alleged.

■ With certain exceptions not now important, it is necessary to the application of the res ipsa doctrine that the defendant be shown to have had control of the instrumentality at the time of the injury. Absent such control there is no justification for requiring the defendant to go forward with the proof and explain the real cause of the occurrence or, failing to do so, permit the inference to stand that it was his negligence which caused the injury. Fairly construed the petition does not state facts which show that this defendant was in control of the sulphur burner at the time of the explosion. It does not state the substance or effect of the construction company's contract so that it might be determined whether the construction company was an agent or an independent contractor. It does not allege who the construction company was assisting in the erection of the sulphur burner tank. It does not state whether the construction company's contract was with defendant or a general independent contractor. If it appeared from the petition that a sulphur burner tank and a sulphur burner were entirely separate pieces of equipment the assumption might be indulged that defendant had control of the burner although the construction company or others may have had control of the tank.

The ignorance of the Court as to the nature of the equipment involved may cause the construction given the petition to appear unduly strict and technical to one familiar with such equipment. But from the facts appearing in the petition alone, it is impossible to assume that the defendant had such control of the burner as would justify the application of the doctrine of res ipsa loquitur.

The motion is sustained with exception to plaintiff.