RUDOLPH E. JARBOE, Respondent, v. KANSAS CITY PUBLIC SERVICE COMPANY, a Corporation, Appellant, No. 40870—220 S. W. (2d) 27.

Division Two, April 11, 1949.

Motion for Rehearing or to Transfer to Banc Overruled, May 9, 1949.

*Charles L. Carr, R. Carter Tucker, John Murphy, William H. Wilson, J. Gordon Siddens* and *Tucker, Murphy, Wilson & Siddens* for appellant.

*Walter A. Raymond* and *James H. Snyder* for respondent.

■ BARRETT, C.—Upon the trial of the respondent's action for damages for personal injuries the jury returned a verdict for the defendant. The trial court granted the respondent a new trial upon the specified ground that the court had prejudicially erred in giving the jury instruction number four. Upon this appeal the respondent also contends that the court erred in giving instruction number three.

The respondent, Jarboe, was a passenger on one of the appellant's trolley busses when, as he alleged and proved, the bus suddenly, with unusual force, and jerkingly slackened its speed or stopped and caused him to fall from his standing position in the aisle. It was the appellant's contention that the bus did not suddenly and violently slacken its speed or stop. The appellant also claimed that the respondent's fall was not due to any negligence on its part. The bus company's theory, which its proof supported, was that as the bus traveled north on Prospect, a through street, at the usual speed of twenty to twenty-five miles an hour the operator saw an automobile on Twenty-Ninth Street traveling west towards the intersection at a speed of fifteen ■ to twenty miles an hour. The operator applied his brakes and slackened the speed of the bus to ten or twelve miles an hour. The automobile passed a stop sign on Twenty-Ninth Street, sixty-seven feet east of the intersection, and the bus operator expected the automobile to stop at the street line but, as the bus entered the street intersection, the automobile also suddenly entered the intersection eight or ten feet ahead of the bus and turned north on Prospect. The operator immediately applied the brakes again, further slackening the speed of the bus, and avoided hitting the automobile. The appellant, upon the hypothesis of these facts and a finding that they constituted the sole cause of the plaintiff's fall and that the bus operator was not negligent in any respect, exonerated itself of liability.

■ The respondent says that the sole cause instruction (number three) is erroneous because no facts are hypothesized negativing the bus operator's concurring or contributory negligence and that only conclusions of law are submitted without facts. In the first connection, however, at the respondent's behest the court gave an instruction which defined ''sole cause'' as meaning ''acts or conduct which were the sole cause of the accident without any contributing negligence whatever on the part of defendant's operator as submitted in instruction letter a,'' and told the jury that if the operator's negligence contributed in any degree to cause the occurrence they could

12

not find for the appellant on sole cause. Nevertheless, the respondent says that these facts do not demonstrate a sole cause situation and that it is difficult to conceive how the automobile's entering Prospect could be the sole cause of the occurrence without any negligence of the bus operator's concurring or contributing. It is his contention that the automobile did not appear suddenly but was in clear view for a period of time and distance for the bus operator to have made an ordinary and usual stop. But that is the respondent's interpretation of the situation and from his point of view a fair and reasonable one submitted by his instruction. But his is not the only viewpoint. This is not an instance of the defendant's evidence showing that his negligence contributed in some degree to cause the occurrence. Hillis v. Home Owners' Loan Corp., 348 Mo. 601, 154 S. W. (2) 761. From the appellant's evidence and point of view the jury could reasonably find that the automobile suddenly drove on to Prospect in front of the bus as it entered the intersection and was therefore, negligently, the sole cause of the plaintiff's fall and injuries. The appellant's evidence, if believed, supported its defense and it was entitled to have that theory submitted to the jury. Borgstede v. Waldbauer, 337 Mo. 1205, 88 S. W. (2) 373. This phase of the instant case in almost identical circumstances, including the sole cause instruction and the respondent's objection to it, is fully covered and governed by Durmeier v. St. Louis County Bus Co., (Mo.) 203 S. W. (2) 445. The matter is discussed here because of its relative bearing upon instruction four.

In the first place, since the trial court granted a new trial because the court thought instruction four prejudicially erroneous, it is urged that this court is governed by a different rule and will be more liberal in sustaining the action of the trial court than it would in reversing the judgment upon the same ground on appeal. Teague v. Plaza Express Co., 356 Mo. 1186, 1192, 205 S. W. (2) 563, 566. But this auxiliary rule of construction and policy does not apply, as the Teague case recognizes, when the trial court has clearly abused its discretion or its ruling is plainly erroneous, especially as a matter of law. Schipper v. Brashear Truck Co., (Mo.) 132 S. W. (2) 993, 995.

Instruction four is an emergency instruction. It does not direct a verdict for the appellant but hypothesizes the automobile's suddenly and unexpectedly leaving the line of Twenty-Ninth Street and turning north on to Prospect directly in front of the bus as confronting the operator with an emergency. Sharon v. Kansas City Pub. Serv. Co., (Mo. App.) 208 S. W. (2) 471. The instruction submits the emergency, if found, as a circumstance for the jury's consideration in determining whether the bus operator at all times exercised the highest degree of care. Mayne v. May Stern Furniture Co., (Mo. App.) 21 S. W. (2) 211, [30] 213; 5 Am. Jur., Secs. 171-172,

pp. 600-602. In justification of the trial court's ruling that the instruction was prejudicially erroneous the respondent analyzes the testimony carefully and in detail and contends that there was no evidence upon which to base an emergency instruction. He contends, if there was an emergency, that it was of the bus operator's own creation, brought about by his inattention to the obvious circumstances. It is his contention that the bus operator saw the automobile pass the stop sign and proceed on into Prospect and that in so doing he merely watched the situation develop without doing anything about it so that when the emergency finally developed it was of his own creation. But again, this is the respondent's point of view and is his interpretation of the circumstances. There is another view of the circumstances, however, and the appellant's evidence tends to prove and support that view and the appellant is entitled to have his theory of it submitted as a circumstance in the absence of some other compelling reason against it. Garvey v. Ladd, (Mo. App.) 266 S. W. 727; Windsor v. McKee, (Mo. App.) 22 S. W. (2) 65. The instruction did not submit the jury an abstract proposition of law to resolve but hypothesized the facts relied upon and in so doing gave the jury all the guidance necessary in the circumstances. Lewis v. Zagata, 350 Mo. 446, 166 S. W. (2) 541.

In this connection it was the appellant's theory and testimony that the operator of the bus relied upon the automobile's stopping after it passed the stop sign and before it entered upon Prospect. The respondent contends, however, that the automobile had already passed the stop sign when the bus operator first saw it and therefore the bus operator had no right to rely upon the automobile's stopping. Because the automobile had passed the stop sign, it is argued that it was apparent, or should have been, that the automobile would not stop at the stop sign. The respondent's argument is based on the fact, apparently, that the stop sign was sixty-seven feet east of the street line of Prospect and since the automobile did not stop there the bus operator should assume that it would not stop at the street line. Two of the cases upon which he relies are right of way cases and did not involve stop signs. Sullivan v. Union Electric L. & P. Co., 331 Mo. 1065, 56 S. W. (2) 97; Bramblett v. Harlow, (Mo. App.) 75 S. W. (2) 626. In Cunningham v. Kansas City Public Serv. Co., 229 Mo. App. 174, 77 S. W. (2) 161, the bus operator admitted that he knew there was danger of a collision when the plaintiff passed the stop sign. But in this case the bus operator testified that after the automobile passed the stop sign, traveling fourteen miles an hour "He was slowing down as though he was going to make a stop at the intersection." But, as the bus entered the intersection, the automobile suddenly turned in a circular manner on to Prospect in front of the bus. The stop sign might have been located in a more suitable place but nevertheless, in the circumstances, the bus operator could

reasonably rely on the automobile's observing the stop sign and the fact that Prospect was a "through street." Hangge v. Umbright, (Mo.) 119 S. W. (2) 382.

Finally, the respondent contends, that the evidence, particularly the appellant's evidence, tended to demonstrate a violation of the humanitarian doctrine and that the instruction conflicted with that theory and, in effect, deprived the respondent of the benefit of that evidence. This court has recently held that an emergency instruction has no place in an action submitted solely on the humanitarian doctrine. Teague v. Plaza Express, 354 Mo. 582, 190 S. W. (2) 254. We assume, for the purposes of this opinion, that the appellant's evidence demonstrates a humanitarian negligence case but it does not follow that it was prejudicially erroneous to give the instruction even though the respondent had a right to have the jury consider the evidence in determining whether the appellant was negligent and whether its negligence contributed in any manner to cause the appellant's fall and injuries. He is entitled to have the jury consider that evidence even though he pleaded and submitted his cause upon the mere fact of the relationship, passenger and carrier, and the unusual occurrence, the sudden and unusual jerking and jolting of the bus. Semler v. Kansas City Public Serv. Co., 355 Mo. 388, 196 S. W. (2) 197; Malone v. Greyhound Lines, (Mo. App.) 22 S. W. (2) 199; annotation 93 A. L. R. 609.

It is true that general allegations of negligence permit proof of any particular acts of negligence. Miller v. Kansas City Rys. Co., (Mo.) 233 S. W. 1066. Moreover, if the evidence shows specific acts of negligence a plaintiff may ignore his allegations of general negligence and submit his cause upon the specifically proved acts. Taylor v. Cleveland, C. C. & St. L. Ry. Co., 333 Mo. 650, 63 S. W. (2) 69; General Exchange Ins. Corp. v. Young, (Mo. App.) 206 S. W. (2) 683. For example, in Bergfeld v. Kansas City Rys. Co., 285 Mo. 654, 227 S. W. 106, the plaintiff, a passenger on a streetcar when it collided with a train, pleaded general negligence but the proof established that the collision was due to the failure of the streetcar company to "flag" the crossing and it was held that his case was properly submitted upon that specific act of negligence. Pleas of negligence in general terms admit of evidence of a violation of the humanitarian doctrine and a submission of one's cause upon that theory and hypothesization. Hanlon v. Missouri Pac. Ry. Co., 104 Mo. 381, 16 S. W. 233; Frankel v. Hudson, 271 Mo. 495, 196 S. W. 1121; Fleming v. Louisiana & M. R. R. Co., 263 Mo. 180, 172 S. W. 355. In this connection it may be noted that mere general allegations of negligence do not preclude reliance upon res ipsa loquitur. Welch v. Thompson, 357 Mo. 703, 210 S. W. (2) 79. Under pleas of negligence in most general terms passengers and guests have submitted their cases upon the humanitarian doctrine when there was proof of negligence

in that respect. Cooper v. Kansas City Public Serv. Co., (Mo. App.) 116 S. W. (2) 212; Clifford v. Pitcairn, 345 Mo. 60, 131 S. W. (2) 508. In short, great latitude is permitted in this respect. But it should be carefully noted that in each of the above instances the case was submitted by an instruction which specifically hypothesized the facts and a finding of liability upon the specific theory and act of negligence shown and ultimately relied upon in the final submission. In each of these instances the allegation of general negligence was abandoned.

In this case the respondent's theory of the appellant's liability, his entire reliance, his pleading, proof and submission, was upon res ipsa loquitur in its primary or distinctive sense. Removich v. Bambrick Bros. Const. Co., 264 Mo. 43, 173 S. W. 686; 38 Am. Jur., Secs. 297-298, 308. His sole submission and reliance was upon the "mere neutral circumstances of control and management by the defendant which may, when explained, appear to be entirely consistent with due care." Plumb v. Richmond, 233 N. Y. 285, 288, 145 N. E. 504, 505. He did not rely upon the circumstantial evidence as demonstrating liability, the circumstances directly and independently tending to show lack of care—such as speed or circumstances demonstrating a violation of the humanitarian doctrine—but upon res ipsa loquitur and all that inheres in that doctrine . Annotations: 59 A. L. R. 468; 78 A. L. R. 731; 141 A. L. R. 1016. Such a submission of necessity excludes from its hypothesis reliance upon specific circumstances or circumstantial evidence which affirmatively tends to establish negligence of the defendant as a matter of fact as contrasted with negligence inferred from the permissible deduction of probability based on common experience. Annotation 78 A. L. R., l. c. 732; Kapros v. Pierce Oil Corp., 324 Mo. 992, 25 S. W. (2) 777. This is to emphasize the fact that this case was tried upon the theory that the doctrine of res ipsa loquitur did or did not apply. The respondent claimed that it did, his proof supported the claim and his submission was upon that theory. The appellant claimed and its proof was all directed to the proposition that it was not negligent in any manner and, in addition, that some third person was the sole cause of the plaintiff's fall and injuries. The emergency instruction had some material bearing upon the issue of sole cause. This is not to deny the respondent the benefit of any evidence indicating negligence on the part of the appellant but it is to say that it is not error to give a nonverdict directing emergency instruction which is not erroneous in so far as the essence of his cause is concerned. We have refused to further complicate the humanitarian doctrine by injecting emergency instructions into it (Teague v. Plaza Express Co., supra) and it is not necessary, at least in the circumstances of this case, to complicate the res ipsa loquitur doctrine by adding to it the refinements of the humanitarian doctrine.

16

■ Finally, if the respondent desired to submit his case and the appellant's liability upon the hypothesis of a violation of the humanitarian doctrine it was his duty to offer an instruction based upon that theory and, having failed to do so, he is deemed to have abandoned it. Yuronis v. Wells, 322 Mo. 1039, 17 S. W. (2) 518; Massman v. Kansas City Public Serv. Co., (Mo.) 119 S. W. (2) 833. Conversely, had he specifically submitted his case upon the humanitarian doctrine, he necessarily could not also have submitted his cause upon his claim of general negligence. State ex rel. Burger v. Trimble, 331 Mo. 748, 55 S. W. (2) 422.

■ In all the circumstances the instruction was not so erroneous as to materially affect the merits of the action and the essence of the respondent's cause. Mo. R. S. A., Secs. 847.123; 847.140 (b) ; Supreme Court Rule 1.28. Neither of the instructions being erroneous the judgment is reversed and the cause remanded with directions to reinstate the verdict and judgment in favor of the appellant. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.