Margie WEST, Appellant,

v.

ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, Respondent.

No. 48923.

Supreme Court of Missouri,

Division No. 2.

May 14, 1962.

Sherman Landau, St. Louis, for appellant.

William M. Corrigan, St. Louis, for respondent.

BARRETT, Commissioner.

Claiming to have been seriously injured by reason of the negligence of the St. Louis Public Service Company, Margie West instituted this action to recover $18,500 damages. A jury returned a verdict in favor of the defendant company and Mrs. West has appealed. She asserts that the court erred in the giving and refusal of certain instructions and that, therefore, she is entitled to a new trial at the hands of this court, the trial court having overruled her motion for a new trial.

Some of her complaints are so obviously lacking in substantial merit that they may be disposed of rather summarily. There was an instruction to the effect that the jury should consider and determine liability before it considered the amount of damages. The instruction also cautioned the jury against being influenced by passion and prejudice. The appellant says that by this instruction the trial court "dictated the sequence of the jurors' reasoning processes," thereby infringing upon the "traditional and constitutional power and duty of the jury to arrive at its own conclusions through such sequences of reasoning as it deems best for that purpose." It is also said that the instruction was a "subtle but unmistakable implication to the jury" that there was no liability on the part of the

defendant. In so far as these assertions constitute statements of fact, it can only be said that the court did not direct the "reasoning processes" of the jurors and there was not the slightest implication in this abstract, cautionary instruction that there was no liability on the part of the defendant. In support of her assertions the appellant cites Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603, but she has not properly raised or presented a question in constitutional law under either the Seventh Amendment to the Constitution of the United States or Article 1, Section 22(a) of the Constitution of Missouri, V.A.M.S.,—"That the right of trial by jury as heretofore enjoyed shall remain inviolate." In any event, these constitutional provisions do not mean that trial courts may not instruct jurors, even caution them as to some matters. The appellant has cited no Missouri cases on this subject, and as against the specific objections made here it need only be said that the trial court did not abuse its discretion in giving this cautionary instruction. Landau v. St. Louis Public Service Co. (Mo.), 347 S.W.2d 870, 873; Mendenhall v. Neyer, 347 Mo. 881, 884–887, 149 S.W.2d 366, 371–372.

■■ There was also an instruction on the credibility of witnesses and the weight to be given their testimony, and in the instruction there was a paragraph on false swearing. It is said that this instruction had the prejudicial effect "of intimating that, in the opinion of the court trying the case, some of the witnesses had testified falsely." The appellant does not say that there was no basis in fact upon this record for the instruction, she says that "there was no fact or circumstance in the case *to justify the implication injected* into the case" by that instruction. She also says that an abstract instruction "without proper application to the facts" in this particular case "was so misleading as to constitute reversible error." These abstract, cautionary instructions should, of course, be employed judiciously, and in some instances it is improper to give them at all, as where the defendant offers no testimony and there is no contradictory evidence. Farmers' State Bank v. Miller (Mo.App.), 26 S.W.2d 863. Then too there is the risk that instructions of this type may be misconstrued as implying that some witness has testified falsely, and so, if there is only "some conflict in the evidence," the court does not abuse its discretion in refusing to give them. Oliver v. City of Vandalia (Mo.App.), 28 S.W.2d 1044, 1046. On the other hand, if there is a factual basis in the testimony and the instruction authorizes, does not direct, the jury to disregard false testimony, the giving of such an instruction is not an abuse of discretion. Duffy v. Rohan (Mo.), 259 S.W. 2d 839, 843. It is not necessary to demonstrate upon the record or characterize particular testimony, in several material respects there was a conflict of testimony. The propriety of a false testimony instruction "does not depend upon the relative importance of the material testimony." Duffy v. Rohan, supra. It may be that the instruction was "a useless declaration of the obvious" but in the circumstances of this case it was not an error materially affecting the merits of the action. Rossomanno v. Laclede Cab Co. (Mo.), 328 S.W.2d 677, 680–681.

Mrs. West's proof supported the factual hypothesis of her instruction 4, that she boarded the defendant's bus and paid her fare as the bus "started forward into movement," that she then proceeded to walk to the rear of the bus to a seat and "the defendant caused the bus to be brought to a sudden abrupt and unusual stop, and thereby caused plaintiff to be thrown violently backward onto the floor of the bus and to be injured * * *." From all the facts and circumstances in evidence, the jury was permitted to find that "the sudden, abrupt and unusual stop * * * was negligent." The defendant's proof was that the bus stopped at the curb on Washington Avenue to pick up passengers, including Mrs. West. The bus operator looked and in his rear-vision mirror saw in the next traffic lane to the rear of the bus an old model automobile.

After the bus started forward and had traveled about five feet "the driver of the car, without any warning or anything, just swerved in front of me." And "naturally" the operator applied his brakes and brought the bus to a stop. The automobile was traveling at a speed of about 15 miles an hour and barely missed hitting the bus: "If he hadn't been going at the speed he was going I would have probably turned him over." The automobile, driven by a colored man, proceeded on its course and turned right at Seventh Street. It was an older model Chevrolet with an Illinois license plate, but the plate was "dirty" and the operator was unable to get the license number.

In this connection and upon these circumstances the defendant offered and the court gave instruction 5, an emergency instruction. In an opening paragraph the instruction abstractly informed the jury of the defendant's duty to exercise the highest degree of care to "a passenger" and "for the safety of the driver of the automobile mentioned in evidence." The instruction hypothesized the place and circumstances in which Mr. Parr, the bus operator, stopped the bus for passengers and started forward. And then the instruction specifically hypothesized the noted evidence as confronting the operator "with a sudden emergency," necessitating an emergency application of the brakes to avoid colliding with the automobile. The instruction concluded with the hypothesis that under these circumstances Mr. Parr "did not negligently cause or contribute to cause such emergency * * * and if you find that the defendant and Mr. Parr were not guilty of negligence in any manner submitted to you in other instructions herein" plaintiff was not entitled to recover.

▮▮▮ The appellant lodges six specific complaints against this instruction, some of them tediously technical and some without foundation in fact. In 80 A.L.R.2d 5, there is a 160 page annotation "Instructions on sudden emergency in motor vehicle cases."

The Missouri cases are collected and analyzed in that exhaustive study, there is also a suggested outline for an appropriate emergency instruction. 80 A.L.R.2d, 1. c. 22, 35. The mere bulk of that study demonstrates that a comparatively simple matter has been permitted to become very complex and unnecessarily technical. A mere reference to the recitation of the defendant's evidence is a sufficient answer to the claim that "there was no evidence in the record to support" the hypothesis of a "third-party motorist" and his failure to signal. Boatright v. Bruening, 363 Mo. 494, 499, 251 S.W.2d 709, 712. Likewise the quotation from the instruction sufficiently demonstrates that the presence of the third-party automobile was not assumed, and, plainly, it was not erroneous in so far as it set forth the defendant's duty to the driver of that vehicle. Nix v. St. Louis Public Service Co. (Mo.App.), 228 S.W.2d 369, 374. Furthermore, under the defendant's noted evidence, there was an emergency, one that from his point of view the bus operator could not anticipate and one to which he did not contribute, and instruction 5 appropriately submitted all these issues to the jury. Shelley v. St. Louis Public Service Co. (Mo.App.), 279 S.W.2d 182, 185–187; Guiterrez v. St. Joseph Light & Power Co. (Mo.App.), 294 S.W.2d 360; Layton v. Palmer (Mo.), 309 S.W.2d 561, 569, 66 A.L.R.2d 1242. It is in these important respects that instruction 5 differs from the instructions in Rohde v. St. Louis Public Service Co. (Mo.), 249 S.W.2d 417, and Grace v. St. Louis Public Service Co. (Mo.), 249 S.W.2d 409. In those cases the instructions omitted an essential prerequisite to the application of the doctrine, "viz., the hypothesis that no negligence of defendant caused or contributed to cause the emergency." And, as the court pointed out in Layton v. Palmer, supra, with respect to the Rohde case, "the antecedent negligence omitted was that of the party whose liability was directly in question, *not that of a person not a party to the suit.*" (Emphasis supplied.) And finally in this connection, the court gave, at the plaintiff's request, an

instruction which told the jury that if the negligence of the bus operator and the negligence "of the driver of the automobile mentioned in the evidence, directly concurred, combined, and contributed to cause plaintiff to sustain injury" she was nevertheless entitled to recover. In short, in all these considerations, it is not necessary to further encumber the subject of emergency instructions with more technicalities, and the court did not err to the plaintiff's manifest prejudice in giving instruction 5.

The plaintiff offered and the court refused to give instructions A and D. Instruction A told the jury "that if you find from the evidence that the occurrence mentioned in Instruction No. 4 (quoted above) took place as submitted therein, then the negligence of the defendant submitted in that instruction need not be proven by direct and specific testimony, but may be inferred from all other facts and circumstances in evidence." Instruction D told the jury that if it found the facts to be as submitted in instruction 4 plaintiff "has met and carried the burden of proof required of her under the law" and further that the defendant's negligence "need not be proved by direct and specific testimony, but such negligence may be inferred by the jury from the facts and circumstances in evidence." The plaintiff now urges that she was unfairly prejudiced by the court's refusal to give these instructions. Her argument is, since her case was submitted upon res ipsa loquitur, that she was denied the right to have the jury instructed that she was not required to prove "defendant's negligence by specific evidence, but was properly entitled to prove it circumstantially." In her reply brief she urges that the refusal of these instructions deprived her of any favorable testimony "as came into the trial in defendant's case," particularly with respect to negligence on the part of the defendant carrier "in the maintenance, inspection and supervision of its vehicles."

Neither of these instructions, admittedly, is a rescript of the instructions suggested in Harke v. Haase, 335 Mo. 1104, 1111, 75 S.W.2d 1001, 1004. There the suggestion, in connection with a plaintiff's principal instruction, was that if the jury found and believed the hypothesized facts *"such facts * * * are sufficient circumstantial evidence to warrant a finding by you that the defendant was negligent * *."* It may be conceded that the instructions suggested in that opinion "were not prescribed as compulsory forms" or that "any deviation from the phrasing * * * would constitute error.". The suggestions, however, are a far cry from the cryptic, peremptory direction that if the jury finds the facts as submitted in instruction 4 "the plaintiff has met and carried the burden of proof." In many of the cited res ipsa loquitur cases there were instructions on burden of proof and circumstantial evidence. In this case there were no instructions on either the burden of proof or circumstantial evidence, and in submitting her case the plaintiff did not, as suggested in Harke v. Haase, include as a part of her principal instruction or elsewhere that "such (hypothesized) facts * * * are sufficient circumstantial evidence to warrant" a finding that defendant was negligent. Here she attempts in instruction D to tell the jury that negligence may be found from "the facts and circumstances in evidence," but preceding this authorization is the peremptory direction that if the jury finds the facts as submitted in instruction 4 "then the plaintiff has met and carried the burden of proof required of her under the law and under the other instructions herein." These offered instructions submit no more than "the facts and circumstances in evidence," and in her principal instruction the jury was permitted to find that the defendant "was negligent under all the facts and circumstances in evidence." With respect to res ipsa loquitur these were not appropriately typical burden of proof or circumstantial evidence instructions, and if the plaintiff desired to inject these issues into the case she would have been well-advised to have followed the suggestions of Harke v. Haase.

If upon this record Mrs. West was entitled to and did rely upon the "mere neutral circumstances of control and management by the defendant" (Plumb v. Richmond, 233 N.Y. 285, 288, 135 N.E. 504, 505, 25 A.L.R. 685) and this was in point of fact "a true res ipsa loquitur case" (Lukitsch v. St. Louis Public Service Co., 362 Mo. 1071, 1078, 246 S.W.2d 749, 752) in its primary or distinctive sense (Jarboe v. Kansas City Public Service Co., 359 Mo. 8, 15, 220 S.W. 2d 27, 31), the refusal of these instructions did not deprive the plaintiff of any inferences with respect to maintenance, inspection and supervision of the bus any more than the giving of them would have enlightened the jury as to any of these matters. This jurisdiction is committed to the view that the res ipsa loquitur doctrine is applicable to the sudden stopping or lurching of a public service vehicle (annotation 57 A.L. R.2d 5, 68), but the failure to always observe the distinction in res ipsa loquitur in its "strict and distinctive sense" and reliance upon circumstantial evidence (annotation 78 A.L.R. 731, 732; Kapros v. Pierce Oil Corp., 324 Mo. 992, 25 S.W.2d 777, 78 A.L.R. 722) has caused some confusion in instructing juries. For some illustrative instances in which the neutral circumstances and res ipsa loquitur in its primary or distinctive sense was employed or involved see Van Houten v. Kansas City Public Service Co., 233 Mo.App. 423, 122 S.W.2d 868; Jett v. Terminal R. Ass'n (No. 48,434), (Mo.) 357 S.W.2d 135; Jarboe v. Kansas City Public Service Co., supra, and perhaps Harke v. Haase. Here the submission was that "the defendant caused the bus to be brought to a sudden abrupt and unusual stop * * *."

This was after all an elemental negligence case involving very simple easily understood issues, and as to all the allegations of error it is not manifest that "error was committed by the trial court against the appellant, materially affecting the merits of the action." Sup.Ct.Rule 83.13(b), V.A.M.R.; Rossomanno v. Laclede Cab Co., 328 S.W. 2d, 1. c. 681; Goldstein v. Fendelman (Mo.),

336 S.W.2d 661, 665; Knox v. Weathers, 363 Mo. 1167, 1178, 257 S.W.2d 912, 918. For the reasons indicated, the appellant is not entitled to a new trial and the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All of the Judges concur.