Nancey **WARRINER**, as next friend of Bradley Alan Warriner, Appellant,

v.

The **HOLMESWOOD BAPTIST CHURCH** of **KANSAS CITY, MISSOURI,** Respondent.

No. KCD 28638.

Missouri Court of Appeals, Kansas City District.

Feb. 28, 1977.

Roger W. Penner, Howard D. Lay, Reeder, Griffin, Dysart, Taylor & Penner, P.C., Kansas City, for appellant.

Steven G. Emerson, Morris, Larson, King, Stamper & Bold, Kansas City, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Appeal from judgment dismissing plaintiff's petition on grounds of failure to state claim upon which relief may be granted.

Nancey Warriner, as next friend of Bradley Alan Warriner, and Nancey Warriner, in her own behalf, filed suit against The Holmeswood Baptist Church of Kansas City, a religious corporation. The claim on behalf of Bradley, a minor, sought recovery of damages of $250,000 for injuries sustained by him. Nancey's claim, in Count II, sought recovery of $10,500, for costs incurred by her as Bradley's mother, in the care of her son. Both claims were based upon the following allegations of plaintiff's second amended petition:

"1. That Plaintiff is a resident of Kansas City, Jackson County, Missouri and that Defendant is a not-for-profit corporation duly organized under the laws of the State of Missouri.

"2. That Defendant owns and operates a day care center in which it undertakes to provide and holds itself out to the public as providing child care and nursery services for two and three-year-old minor children in Kansas City, Jackson County, Missouri.

"3. That some months prior to March 26, 1974, the Defendant accepted responsibility for and undertook to provide nursery services and care of BRADLEY ALAN WARRINER, for which services Defendant charged Plaintiff.

"4. On or about March 26, 1974, BRADLEY ALAN WARRINER, while in the exclusive control and custody of the Defendant sustained an injury to his eye, causing serious injury to BRADLEY ALAN WARRINER. The Defendant stated to Bradley's mother 'we weren't sure how, but his eye had been hurt in some fashion.'

"5. (a) Said injury to BRADLEY ALAN WARRINER would not have occurred if Defendant had used due care and said injury was an unusual event and would not have occurred but for the Defendant's negligence.

"(b) The premises and all persons present were in the exclusive control of Defendant.

"(c) The Defendant and its employees had superior knowledge and information as to what caused the occurrence because of their duty to supervise and control very young children."

Defendant's motion to dismiss for failure to state a claim upon which relief may be granted was sustained by the trial court. Plaintiff appealed.

In this court, appellant contends that the trial court's dismissal of petition was erroneous because the petition "sets forth the elements of res ipsa loquitur * * * in almost the exact words * * *" of the description of the doctrine found in *McCloskey v. Koplar,* 329 Mo. 527, 46 S.W.2d 557, 559[2] (banc 1932), as follows:

"In general and on principle the doctrine res ipsa loquitur does not apply except when (a) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care; (b) the instrumentalities involved were under the management and control of the defendant; (c) and the defendant possesses superior knowledge or means of information as to the cause of the occurrence."

In *Empiregas, Inc., of Noel v. Hoover Ball & Bearing Co.,* 507 S.W.2d 657, 661[8–10] (Mo.1974), the court stated:

"Plaintiff's petition is premised on the res ipsa loquitur doctrine. In general, the doctrine of res ipsa loquitur has no application to the pleadings, but is an inference aiding the proof, *Carter v. Skelly Oil Co.,* 363 Mo. 570, 252 S.W.2d 306 (1952); 65A C.J.S. Negligence § 220.23, p. 606. However, general allegations of negligence certainly do not preclude reliance upon res ipsa loquitur, *Jarboe v. Kansas City Public Service Co.,* 359 Mo. 8, 220 S.W.2d 27, 31 (1949). Negligence is an ultimate fact which may be pleaded as such and the law does not require the impossible, *Maybach v. Falstaff Brewing Corporation,* 359 Mo. 446, 222 S.W.2d 87 (1949)."

In *Leeper v. National Lead Co.,* 42 F.Supp. 121, 122[3] (U.S.D.C., E.D., Mo. 1941), the court stated:

" * * * [W]hen the general statement (or legal conclusion as it is sometimes characterized) that it was defendant's negligence which caused the injury is predicated upon the application of the res ipsa doctrine, instead of specific acts of negligence, the facts which give rise to the application of this doctrine should be alleged."

■ The essence of the res ipsa doctrine is the occurrence of an injury or damage causing event which permits the inference that the occurrence was occasioned by the negligence of the party who was in control of the instrumentality which precipitated the occurrence and who has superior knowledge or means of knowledge of its cause. 2 Restatement of Torts (2d) § 328 D, pp. 156–166 (1965). It is the "occurrence" not the injury which speaks for itself as negligence. *Shafer v. Southwestern Bell Telephone Company,* 295 S.W.2d 109, 114 (Mo. 1956).

■ In this case the petition does not allege what occurred which resulted in the injury to Bradley's eye. It alleges simply that the injury was an "unusual event and would not have occurred but for the Defendant's negligence." Such a pleading in no manner informs the defendant of what act or occurrence for which it was responsible is relied upon as the basis for an inference of negligence on its part. It in no manner states the facts which give rise to the application of the res ipsa doctrine. Negligence may be charged generally in a petition based upon res ipsa but it must be predicated upon some act for which the defendant is responsible and which is peculiarly within his knowledge. *Plato Reorganized School District v. Intercounty Electric Co-op.,* 425 S.W.2d 914, 918–919[2, 3] (Mo. 1968). No act or occurrence of such nature is laid to defendant by the petition in this case.

■ Appellant argues that when the cause of an injury is in doubt, plaintiff is entitled to use res ipsa, citing *LoBello v. Laclede Gas Co.,* 517 S.W.2d 474 (Mo.App. 1974). Res ipsa does excuse a plaintiff from proof of the exact cause of the injury-producing occurrence, but it does not avoid the necessity of allegation and proof of an occurrence from which the inference of negligence is to arise.

Judgment affirmed.

All concur.